BRIAN A. HAMER, Plaintiff-Appellant, v. NORMAN E. LENTZ, Administrative Secretary, General Assembly Retirement System, *et al.*, Defendants-Appellees.

First District (5th Division)  No. 87—2429

Opinion filed June 10, 1988.

Brian A. Hamer, of Chicago, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Jill A. Deutsch, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from an order in an action for declaratory judgment and injunctive relief (1) directing defendants to disclose some, but not all, of the information he requested under the Freedom of Information Act (FOIA) (Ill. Rev. Stat. 1985, ch. 116, par. 201 *et seq.*), and (2) denying his request for attorney fees.

A previous appeal in this case was dismissed by us for lack of jurisdiction where plaintiff's claim for attorney fees was still pending and the trial court's order relating to the disclosure of the information at issue did not contain the requisite finding under Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)) that there was no just reason

to delay enforcement or appeal. *Hamer v. Lentz* (1987), 155 Ill. App. 3d 692, 508 N.E.2d 324.

As we stated therein, the record discloses that on September 19, 1984, plaintiff, Brian Hamer, an attorney, submitted a written request for certain records in the possession of defendants, Norman Lentz, the administrative secretary of the General Assembly Retirement System (GARS), and the Board of Trustees thereof (defendants), relating to State pension payments received by former members of the Illinois General Assembly. Specifically, plaintiff requested the following information:

(1) the identity of all former members of the Illinois General Assembly currently receiving pension payments under the GARS;

(2) the annual pension received by each former member during the most recent fiscal year;

(3) the (a) salary received by each former member immediately prior to retirement, (b) date of retirement from the General Assembly, and (c) length of service in the General Assembly;

(4) the cumulative pension received by each former member from the date of retirement to the most recent practicable date.

In a letter dated October 1, defendant Lentz stated that an extension of time was necessary to respond to plaintiff's request, but that in accordance with subsections (v) and (vi) of section 3(d) of the FOIA, a response would "be completed with all practicable speed." On October 22, Lentz advised plaintiff that he did not have the authority to release the requested information but would present the request to the Board at a meeting scheduled for November 14 and thereafter inform plaintiff of the decision reached. After two postponements of that meeting, Lentz notified plaintiff that the Board had considered the request at its meeting on December 13 and had directed him to refer the matter to the Attorney General. Plaintiff responded with a letter of appeal on December 18, in which he asserted that defendants had violated the FOIA by (1) denying him access to public records covered by it and (2) failing to comply with section 9 thereof requiring them to supply (a) the reasons for the denial, (b) the names and titles of the persons responsible for the denial and (c) the procedure for appealing the denial to the head of the agency. In a letter dated January 4, 1985, Lentz informed plaintiff that he had not had the opportunity to review plaintiff's letter with the chairman of the Board of Trustees but planned to do so the following week. However, in a February 21 responsive letter to plaintiff's attorney, Lentz stated that the Board had not yet received a reply from the Attorney General on the matter. On March 6, Lentz informed plaintiff's attorney of the name of

the individual to whom the matter had been referred in the Attorney General's office, but, according to plaintiff's complaint, numerous attempts by his attorney to contact that individual were unsuccessful.

On August 15, 1985, plaintiff filed this action seeking an injunction ordering defendants to make available the requested records, a declaration that their continuing failure to do so constituted a violation of the FOIA, and an award of costs and attorney fees. In an answer filed on October 3, defendants asserted as affirmative defenses (1) that they denied the request on the good-faith belief that as trustees of the pension funds, they had a fiduciary duty to the beneficiaries not to disclose confidential financial information; and (2) that the information was exempt from disclosure under section 7(b)(ii) of the FOIA, as being "personnel files and personal information maintained with respect to *** elected officials of [a] public body." Ill. Rev. Stat. 1985, ch. 116, par. 207(b)(ii).

On November 22 and December 13, 1985, respectively, plaintiff filed a motion for summary judgment and a memorandum in support thereof arguing, as he does on appeal, that defendants failed to demonstrate the existence of a fiduciary duty which would override the disclosure requirements of the FOIA; that the disclosure of the information would not result in an unwarranted invasion of the personal privacy of the recipients as to be exempted under section 7(b)(ii) of the FOIA; and that their continuing failure to make the information available constituted a violation of section 3(c), which requires that the public body from which the information is requested "promptly, either comply with or deny a written request for public records within 7 working days after its receipt." (Ill. Rev. Stat. 1985, ch. 116, par. 203(c).) Defendants filed a memorandum in opposition to summary judgment reasserting their affirmative defense and adding that in any event, no documents or reports existed containing the exact information requested.

Following a hearing on January 7, 1986, the trial court orally granted plaintiff's motion for summary judgment, ruling that the information regarding the amount and computation of the pensions of former legislators was not exempt from disclosure under the FOIA, but the court further ruled that defendants were not obligated to compile, or otherwise prepare for inspection, information not maintained by them in the ordinary course of business. A written, agreed order was entered on February 3, stating that the information was subject to disclosure but that final ruling on plaintiff's motion for summary judgment was reserved until February 13, by which date defendants were ordered to demonstrate to the court "whether the

information is kept by [them] in the usual and ordinary course of business and is readily available by reason of their statistical accounting method." On February 26, following presentation by defendants of a memorandum of "Compliance with the Court's February 3, 1986 Order" explaining its record-keeping system, the trial court entered a "final and appealable" order directing defendants to disclose by March 19, 1986, "the most recent monthly printout [in its possession] which sets forth the identity of persons receiving pension benefits through the [GARS] as well as the monthly benefit payable for each such pension" and "a document which sets forth the retirement date for each such person receiving pension benefits."

Plaintiff appealed from the trial court's failure to order defendants to provide records showing the cumulative pension of all retirees from the dates of retirement to the present and the length of service upon which those pensions are based. However, as stated earlier, we dismissed the appeal, ruling that the trial court's order was not final and appealable by reason of the pendency of plaintiff's claim for attorney fees and the absence of an express finding, as required by Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)), that there was no just reason to delay enforcement or appeal. (*Hamer*, 155 Ill. App. 3d 692, 508 N.E.2d 324.) Upon further proceedings, plaintiff's petition for an award of attorney fees and costs was denied, and this appeal followed.

OPINION

Plaintiff first contends that he is entitled under the FOIA to all of the information he requested and that the trial court improperly declined to order the disclosure of records showing the cumulative pension received by each former legislator and the length of service upon which the pension is computed. Among the arguments he advances in support of his right to access to the information are that the Illinois Constitution states that "[r]eports and records of the obligation, receipt and use of public funds of the State *** are public records available for inspection by the public (Ill. Const. 1970, art. VIII, §1(c)); that the intent of the legislature is clearly expressed in section 1 of the FOIA, which provides that "it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees *** [so as] to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being con-

ducted in the public interest" (Ill. Rev. Stat. 1985, ch. 116, par. 201); that the mechanisms for implementation of that policy are set forth in section 3 of the FOIA, which provides that "(a) [e]ach public body shall make available to any person for inspection or copying all public records, except as otherwise provided in Section 7" and "(b) [s]ubject to the fee provisions of Section 6 *** each public body shall promptly provide, to any person who submits a written request, a copy of any public record required to be disclosed by subsection (a)" (Ill. Rev. Stat. 1985, ch. 116, par. 203(a)(b)); that in addition to the above-quoted passage, section 1 further provides that "[the] restraints on information access should be seen as limited exceptions to the general rule that people have a right to know the decisions, policies, procedures, rules, standards, and other aspects of government activity that affect the conduct of government and the lives of any or all of the people [and] [t]he provisions of this Act shall be construed to this end" (Ill. Rev. Stat. 1985, ch. 116, par. 201); and that under Illinois case law the disclosure of information regarding financial benefits from the State is not considered an unwarranted invasion of the personal privacy of the recipients as to be exempt from disclosure. See, e.g., *Mid-America Television Co. v. Peoria Housing Authority* (1981), 93 Ill. App. 3d 314, 417 N.E.2d 210 (disclosure of the names of private landlords receiving Federal funding from the public housing authority for participating in a low-income housing subsidy program, the addresses of their properties and the amounts received was not an unwarranted invasion of the privacy of either the landlords or the tenants; *People ex rel. Recktenwald v. Janura* (1978), 59 Ill. App. 3d 143, 376 N.E.2d 22 (the names and total compensations paid to all persons employed by the Cook County Forest Preserve are public records, the disclosure of which does not constitute an invasion of the privacy of the employees).

■ We agree with plaintiff that the information he seeks is subject to the disclosure provisions of the FOIA, but we find it unnecessary to engage in a lengthy discussion thereof, since, as noted earlier, the trial court also expressly found that to be so. Although it is not entirely clear from the record, it appears that the reason the cumulative pension and length of service of each retired legislator were not ordered disclosed was that the trial court was persuaded by defendants' assertion that the data are not maintained on one document or computer program but rather are incorporated into numerous documents which also contain "extraneous" information neither requested by plaintiff nor subject to disclosure; and that, therefore, to accommodate plaintiff, it would be necessary to create a "new record" which,

under section 1 of the FOIA stating "[t]his Act is not intended to create an obligation on the part of any public body to maintain or prepare any public record which was not maintained or prepared by such public body *** when this Act becomes effective" (Ill. Rev. Stat. 1985, ch. 116, par. 201), it is not obligated to do.

According to defendants they maintain a "packet" on each former legislator concerning entitlements, beneficiaries and insurance information; both "active member" and "annuitants" ledger sheets—samples of which were submitted in compliance with the court's order. Each "active member" ledger shows the contributions made, the months of service and the salary earned by the retiree as of the last fiscal year. The "annuitants ledger sheets" show "the amounts by which benefits are automatically increased, the gross and net monthly benefit payable, the total benefit received for the fiscal year and the total benefit received"; and a computer printout received from the State Employees' Retirement System from data supplied by the GARS which contains, *inter alia*, the gross and net amount of monthly benefits payable to each annuitant.

Although it appears, as defendants argued, that the ledger sheets, disclosure of which the trial court declined to order, also contain information not relevant to plaintiff's request—some of which is, arguably, exempt from disclosure as personal information—the FOIA drafters, apparently anticipating such situations, specifically provided in section 8 that "[i]f any public record that is exempt from disclosure *** contains any material which is not exempt, the public body shall separate the exempt material and make the non-exempt material available for inspection and copying." (Ill. Rev. Stat. 1985, ch. 116, par. 208.) As was observed in *People ex rel. Recktenwald v. Janura* (1978), 59 Ill. App. 3d 143, 376 N.E.2d 22, citing *Department of the Air Force v. Rose* (1976), 425 U.S. 352, 48 L. Ed. 2d 11, 96 S. Ct. 1592, "selective disclosure," by deletion of unrequested, irrelevant or exempt information, is not uncommon. Similarly, in *Family Life League v. Department of Public Aid* (1986), 112 Ill. 2d 449, 493 N.E.2d 1054, the Illinois Supreme Court rejected an argument nearly identical to defendants' in this case and directed the trial court to enter an order setting a reasonable amount of time for the defendants to prepare a special computer program which would satisfy plaintiffs' request under the State Records Act (Ill. Rev. Stat. 1985, ch. 116, par. 43.4 *et seq.*) for the names of providers of abortion services to Medicaid recipients without also disclosing other information determined to be confidential data.

■ The *Janura* court further stated that while a denial of a re-

quest for information might be justified where compliance would cause disruptions of great magnitude to the workings of the public agency, mere administrative inconvenience is not enough to override the statutory provisions and public policy considerations granting the right of access to public records. Likewise, the cost of providing the information is not itself a valid basis for denial since the FCᵢA provides that the public agency may charge "fees reasonably calculated to reimburse its actual cost for reproducing *** public records." (Ill. Rev. Stat. 1985, ch. 116, par. 206.) As was done in *Family Life League*, the court may order the payment by plaintiff of "the reasonable cost of exercising [his] rights." *Family Life League*, 112 Ill. 2d at 459-60, 493 N.E.2d at 1059.

Like the court in *Janura*, we are of the opinion that the reasons expressed by defendants for not producting all of the information requested are matters of administrative inconvenience which do not suffice under the FOIA to justify their denial of plaintiff's right to access to those records. Thus, we hold that plaintiff is entitled to the information requested by him which the trial court previously declined to order defendants to disclose.

■ Plaintiff also contends that he is entitled to attorney fees pursuant to section 11(h) of the FOIA (Ill. Rev. Stat. 1985, ch. 116, par. 211(h)), which provides:

"If a person seeking the right to inspect or receive a copy of a public record substantially prevails in a proceeding under this Section, the court may award such person reasonable attorneys' fees, but only if the court finds that the *** records in question were of clearly significant interest to the general public and that the public body lacked any rational basis in law for withholding the record."

Defendants argue that the trial court's denial of plaintiff's petition for attorney fees was a proper exercise of its discretion because (1) plaintiff did not substantially prevail in the proceedings to compel disclosure; (2) they had a rational basis in law for withholding the requested information, and (3) in any event, a *pro se* litigant is not entitled to attorney fees even if he is an attorney.

Preliminarily, we note that defendants did not assert, either in their memorandum in opposition to plaintiff's petition or at the hearing thereon, that he had not substantially prevailed in the litigation. Indeed, the only argument of the three raised in this appeal also made by them in the trial court, and the sole basis on which the trial court denied the petition, was that defendants had a rational basis in law for withholding the documents requested by plaintiff.

In any event, even without regard to our ruling in this appeal that the data not previously ordered disclosed be made available to plaintiff, we believe that by reason of the trial court's determination that information regarding State pension benefits received by former members of the General Assembly is subject to disclosure under the FOIA and its order directing defendants to produce documents disclosing the identity and date of retirement of each retiree receiving benefits and the current monthly amount thereof, plaintiff had already substantially prevailed in the litigation so as to satisfy the first of the statutory prerequisites for an award of attorney fees. In light of our determination on appeal, defendants' argument wholly fails.

As to whether there was a rational basis for withholding the information, defendants assert that the trial court correctly found that they had a reasonable basis to believe that as trustees of the pension funds, they were under a duty not to disclose personal, financial information relating to the beneficiaries; and that because the final salary and cumulative pension of the former legislators were exempt from disclosure "by the section 7(b)(ii) privacy exemption" of the FOIA they "properly denied" plaintiff's request for disclosure thereof.

Initially, we note that defendant's representation of the trial court's findings contains material inaccuracies which are clearly refuted by even a cursory reading of the transcripts of the proceedings. At the first hearing on plaintiff's motion for summary judgment, the trial court remarked, "[w]hile I agree that [defendants] are in a fiduciary capacity, I fail to perceive what right they have to refuse to disclose information sought pursuant to the *** FOIA" and twice stated that the information "is subject to the disclosure provisions of the FOIA." In denying plaintiff's petition for attorney fees, the trial court first stated, "The record is absolutely clear, reaffirmed my decision made earlier with respect to disclosure here ***." The court then made the following remarks:

"I find that in the instant case, [defendants] *** had a rational basis in law for withholding the documents sought.

In the instant case, [defendants] served as trustees of these funds. They served in a fiduciary capacity. The disclosure of these funds may have breached a fiduciary duty they have toward their clients, the beneficiaries of this trust, and inasmuch as that may be the fact, there was no other way to resolve it without coming to Court and securing a court order for direct release of this information which was done pursuant to [plaintiff's] complaint.

Accordingly, while I agree that the record[s] might be of sig-

nificant interest to the general public, I do believe that the actions of [defendants] in resisting disclosure were in accord with their duty as a fiduciary, and this was a proper and rational basis for withholding the record."

Nowhere in the record did the trial court even discuss section 7(b)(ii) much less find, as defendants repeatedly misstate, that the pension recipients' "privacy outweighed the plaintiff's request for information" or that "it was exempt" from disclosure thereunder. Rather, it is clear from the above-quoted passage that the trial court's sole reason for refusing to award attorney fees was its acceptance of defendants' assertion that they denied plaintiff's request on the good-faith belief that releasing the information might violate their fiduciary obligations to the pension recipients.

Furthermore, as plaintiff points out, at no time over the course of nearly one year prior to the filing of his action—during which time he made numerous requests for the information or the specific reason(s) it was being withheld—did defendants state either the grounds on which they now rely or any other as the bases for their refusal to furnish it as is required by section 9 of the FOIA, which provides as follows:

"(a) Each public body *** denying a request for public records shall notify by letter the person making the request of the decision to deny such, the reasons for the denial, and the names and titles or positions of each person responsible for the denial. ***

(b) When a request for public records is denied on the grounds that the records are exempt under Section 7 ***, the notice of denial shall specify the exemption claimed to authorize the denial." Ill. Rev. Stat. 1985, ch. 116, par. 209(a)(b).

In our view, defendants' failure to process or respond to plaintiff's repeated requests that they comply with the dictates of the FOIA seriously undermines their professions following the filing of this action that they acted in good faith or that they genuinely believed the defenses first raised by them only after plaintiff instituted these proceedings were, in fact, rational bases in law for their refusal to provide the information. Cf. Cuneo v. Rumsfeld (D.C. Cir. 1977), 553 F.2d 1360, (to defeat a claim for attorney fees by a successful plaintiff in an action under the Federal Freedom of Information Act (5 U.S.C. §552(a)(4)(E) (1982)), the government must show, inter alia, that it had a reasonable basis in law for concluding that the information at issue was exempt and that it had not been recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior).

Moreover, subjective motivation aside, from an objective standpoint, we do not find the defenses proffered by defendants to have satisfied the "rational basis in law" requirement. We agree with plaintiff that section 1 of article VIII of the Illinois Constitution, the broad disclosure and narrow exemption provisions of the FOIA, as well as various judicial decisions (*e.g., Oberman v. Byrne* (1983), 112 Ill. App. 3d 155, 445 N.E.2d 374; *Mid-America Television Co. v. Peoria Housing Authority* (1981), 93 Ill. App. 3d 314, 417 N.E.2d 210; *People ex rel. Recktenwald v. Janura* (1978), 59 Ill. App. 3d 143, 376 N.E.2d 22), make clear that records regarding the affairs of government, the acts of public officials and the expenditure of public funds are public records which are to be made available to any person who submits a request to inspect them; and that even assuming initial uncertainty by defendants as to their legal obligations, it should have become clear long before institution of this action that they were not justified in withholding information concerning the disbursement of State pension monies to former State legislators on the ground that it was confidential or that its release would result in an unwarranted invasion of the recipients' privacy.

■ Finally, defendants argue—for the first time on appeal—that as a *pro se* litigant, plaintiff is not entitled to an award of attorney fees. Plaintiff responds that because he is an attorney, the fact that he proceeded *pro se* in this action does not render him ineligible for compensation of reasonable fees and costs.

The parties have not cited, nor has our research disclosed, any Illinois case addressing this issue in the context of the FOIA. Rather, plaintiff and defendants rely primarily on the conflicting holdings in *Falcone v. I.R.S.* (6th Cir. 1983), 714 F.2d 646, and *Cazalas v. United States Department of Justice* (5th Cir. 1983), 709 F.2d 1051, respectively, as support for their positions. In both *Falcone* and *Cazalas*, the plaintiffs were attorneys who had prevailed as *pro se* litigants in actions for disclosure of information under the Federal Freedom of Information Act (5 U.S.C. §551 *et seq.* (1982)), and thereafter sought attorney fees under the fee authorization section, which provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed" (5 U.S.C. §552(a)(4)(E) (1982)).

In *Falcone*, the Sixth Circuit Court of Appeals set forth three reasons for its determination that attorneys who proceed *pro se* in a Federal FOIA action are not entitled to attorney fees. First, the court stated that the provision for attorney fees was not intended to reward

successful plaintiffs or to penalize the government, but to relieve plaintiffs with legitimate claims of the burden of legal costs, and that since claimants who choose to proceed without legal representation had not "incurred" any legal costs, they are not entitled to compensation therefor. The court noted that a second intendment of the fee provision was to encourage potential claimants to seek objective legal advice prior to instituting an action so as to prevent unnecessary litigation and opined that "[a]n attorney who represents himself *** may have the necessary legal expertise but is unlikely to have the 'detached and objective perspective' necessary to fulfill the aims of the Act." (*Falcone*, 714 F.2d at 647.) The final reason given was that awarding attorney fees to *pro se* plaintiffs could result in attorneys "using the Act solely as a way to generate fees rather than to vindicate personal claims." 714 F.2d at 648.

Presented with essentially the same arguments as those raised in *Falcone*, the Fifth Circuit Court of Appeals in *Cazalas* held that the FOIA does not automatically preclude an award of attorney fees to an attorney representing herself in an action thereunder. As to the argument that an attorney does not incur out-of-pocket legal expenses which might serve as a deterrent to potential nonattorney litigants and that an award of fees is thus tantamount to nothing more than a punishment of the government, the court observed that in the case of an attorney, it is relatively simple to value, and the plaintiff had amply demonstrated, the costs she incurred both from work foregone and in terms of personal energy due to her *pro se* work; and that compensation for those expenses amounts to a punishment only to the extent that the government should be liable for unreasonably failing to comply with its own laws. *Cazalas*, 709 F.2d at 1056.

The court also disagreed with the argument that the purpose of the fee provision is to insure objective representation, opining that its purpose was, rather, to promote vigorous advocacy on behalf of citizens seeking public information so as to prevent the government from wrongfully withholding such data. With respect to the potential for abusive fee generation, the court stated that where the government has a colorable basis in law for withholding the documents most courts will be reluctant to grant fees; however, if a request for information is justified and the government provides the information promptly, no fees will be awarded. The *Cazalas* court thus concluded that the underlying policy of the Federal FOIA of open government and the goals of the fee provision are not threatened but, in fact, furthered by awards of attorney fees and that having employed her legal skills to vindicate an important public right, plaintiff was entitled to

compensation for the work she performed. 709 F.2d at 1056-57.

Of these two conflicting lines of reasoning, we find that of the *Cazalas* court to be the more cogent and we see nothing in the fee provision of the Illinois FOIA which would render that reasoning inapplicable to or otherwise bar the granting of petitions by attorneys who represent themselves in FOIA actions for awards of reasonable attorney fees.

We note, however, that because the petition in this case was denied on the ground that defendants had a rational basis in law for refusing to disclose the information, no determination was made as to whether the fees requested by plaintiff were reasonable. Thus, it is necessary to remand this case for a rehearing on his petition for attorney fees.

For the reasons stated, the order of the trial court is reversed in part and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

Affirmed in part; reversed in part and remanded.

LORENZ, P.J., and PINCHAM, J., concur.