WESLEY J. BRAZAS, JR., Plaintiff-Appellant, v. KENNETH R. RAMSEY, Sheriff of the Kane County Sheriff's Department, Defendant-Appellee.

Second District    No. 2—96—1051

Opinion filed July 9, 1997.

Wesley J. Brazas, Jr., of Hampshire, appellant *pro se.*

David R. Akemann, State's Attorney, of St. Charles (Donald B. Leist, Assistant State's Attorney, of counsel), for appellee.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Wesley Brazas, Jr., appeals from the August 8, 1996, order of the circuit court of Kane County denying his motion for attorney fees pursuant to the Illinois Freedom of Information Act (the Act) (5 ILCS 140/11(i) (West 1994)). The plaintiff filed the motion after he prevailed on his complaint to obtain copies of recorded telephone conversations involving members of the Kane County sheriff's department (the Sheriff's Department). The trial court denied the motion, finding that the plaintiff was not entitled to attorney fees because the Sheriff's Department had not acted in bad faith in withholding the requested tapes. We affirm.

On May 15, 1995, the plaintiff made a written request, pursuant to section 3 of the Act (5 ILCS 140/3 (West 1994)), to obtain copies of certain taped telephone calls made into and out of the Sheriff's Department on April 30, 1995. Specifically, the plaintiff requested copies of the following recorded calls: (1) a "911" call made by the plaintiff's former wife to the Sheriff's Department at 2 a.m.; (2) a call made by the Sheriff's Department to the plaintiff's father at 2:15 a.m.; (3) a call made by the plaintiff to the Sheriff's Department at 3 a.m.; and (4) a call made by the Sheriff's Department to the plaintiff at 3:30 a.m.

On June 1, 1995, the Sheriff's Department sent a letter to the plaintiff denying his request. The letter explained that the recordings

were exempt from disclosure under the Act because their release "would constitute a clearly unwarranted invasion of personal privacy." The letter also explained that the recordings could not be released because they contained "information revealing the identity of persons who filed complaints with or provide[d] information to investigative, law enforcement or penal agencies." On June 13, 1995, the plaintiff sent a written appeal of this denial to Kenneth Ramsey, the sheriff of Kane County. The plaintiff never received a response to his written appeal.

On July 24, 1995, the plaintiff filed a *pro se* complaint to obtain the tape recordings pursuant to section 11(a) of the Act (5 ILCS 140/ 11(a) (West 1994)). The complaint named Ramsey as the defendant. On May 28, 1996, the plaintiff filed a motion for summary judgment arguing that the Sheriff's Department had no valid basis for withholding the taped recordings. The plaintiff requested that the Sheriff's Department be compelled to release the tape recordings and that he be reimbursed for his attorney fees in prosecuting the action.

In response to the motion, the defendant argued that the requested recordings were exempt from disclosure pursuant to sections 7(1)(b) and 7(1)(c)(vii) of the Act (5 ILCS 140/7(1)(b), 7(1)(c)(vii) (West 1994)). These provisions provide that disclosure is not required in those instances where such disclosure will result in an unwarranted invasion of personal privacy (5 ILCS 140/7(1)(b) (West 1994)) or will endanger the life or physical safety of any person (5 ILCS 140/7(1)(c)(vii) (West 1994)). The defendant argued that the relationship between the plaintiff and his former wife was tense and hostile and that the disclosure of the recordings might escalate the situation and endanger someone's physical safety. In support of this position, the defendant submitted the affidavit of Commander John Marszalek, an officer with the Sheriff's Department.

On August 8, 1996, the trial court conducted a hearing on the plaintiff's motion for summary judgment. At the hearing, the defendant's attorney indicated that the Sheriff's Department was willing to release the requested recordings to the plaintiff. The recordings were then tendered to the plaintiff in open court. At this time, the plaintiff renewed his motion for attorney fees pursuant to section 11(i) of the Act (5 ILCS 140/11(i) (West 1994)). The trial court denied the motion, finding that the Sheriff's Department had acted in good faith in withholding the tapes. The trial court explained its ruling as follows:

> "I [find] that the Sheriff acted in good faith, and that the reasons presented [for denying the request] were reasonable, and that upon the matter being brought before the Court, the Sheriff responded promptly.

There was a reasonable concern for the safety of others. Frankly, I see that just in your demeanor before me, Mr. Brazas, you are sitting here as a time bomb ready to explode. That's why you have security in this courtroom."

The trial court proceeded to enter an order granting the plaintiff's motion for summary judgment as to the disclosure of the recordings and denying the motion as to the request for attorney fees. The plaintiff filed a timely *pro se* notice of appeal.

■ Prior to reaching the merits of the plaintiff's arguments on appeal, we must initially address two motions that have been taken with the case. The plaintiff has filed a motion seeking to strike the statement of facts in the defendant's brief. The plaintiff argues that the defendant has not stated the facts accurately and has also failed to support his statements with citations to the record. See 155 Ill. 2d R. 341(e)(6). The defendant has also filed a motion to strike, requesting that we strike certain arguments in the plaintiff's brief that either fail to raise reviewable issues or are moot.

Although we find that both parties have failed to comply with the applicable supreme court rules governing the content and form of appellate briefs, the briefs are nonetheless sufficient to allow us to review the merits of the appeal. See *Taake v. WHGK, Inc.*, 228 Ill. App. 3d 692, 714 (1992). We therefore deny both motions and will instead disregard any inappropriate materials or argument. See *Kincaid v. Smith*, 252 Ill. App. 3d 618, 621 (1993).

■ The plaintiff's first contention on appeal is that the trial court erred in denying his request for attorney fees pursuant to section 11(i) of the Act (5 ILCS 140/11(i) (West 1994)). That section provides:

"If a person seeking the right to inspect or receive a copy of a public record substantially prevails in a proceeding under this Section, the court may award such person reasonable attorneys' fees if the court finds that the record or records in question were of clearly significant interest to the general public and that the public body lacked any reasonable basis in law for withholding the record." 5 ILCS 140/11(i) (West 1994).

The plaintiff argues that he substantially prevailed in his action and is therefore entitled to attorney fees under the Act. He argues that he has advanced the interests of the general public by bringing the Sheriff's Department into compliance with the disclosure requirements of the Act. He also asserts that the Sheriff's Department lacked a reasonable legal basis for withholding the recordings.

■ As noted above, in denying the plaintiff's request for attorney fees, the trial court found that the Sheriff's Department had reasonably withheld the recordings out of a concern for the safety of others.

On review, we will not overturn the trial court's factual determinations unless they are against the manifest weight of the evidence. *First Midwest Bank v. Denson*, 205 Ill. App. 3d 124, 128 (1990). A factual determination is against the manifest weight of the evidence only where the opposite conclusion is clearly evident or where the determination is unreasonable, arbitrary, and not based on the evidence presented. *Denson*, 205 Ill. App. 3d at 128-29.

■ After a careful review of the record, we do not find that the trial court's determination was against the manifest weight of the evidence. The record reveals that, at the time of this litigation, the plaintiff and his former wife had been through a difficult divorce and custody proceeding. All of the subject telephone conversations were initiated when the plaintiff's former wife made a "911" call to complain about the plaintiff's conduct. Although we are not aware of the specific content of this call, it nonetheless seems apparent that the plaintiff's former wife believed she was in need of police assistance at the time she placed the call. In light of this factual background, we agree with the trial court's determination that it was reasonable for the Sheriff's Department to withhold the recordings in order to protect the safety of others. See 5 ILCS 140/7(1)(c)(vii) (West 1994).

We additionally note that the "911" call to the Sheriff's Department would also be exempt from disclosure pursuant to section 7(1)(b)(v) of the Act (5 ILCS 140/7(1)(b)(v) (West 1994)). That section prohibits the disclosure of records which reveal "the identity of persons who file complaints with or provide information to *** law enforcement *** agencies." 5 ILCS 7(1)(b)(v) (West 1994). Such records are exempt from disclosure under the Act absent written consent of the individual making the statement. See generally *Staske v. City of Champaign*, 183 Ill. App. 3d 1, 4-5 (1989).

■ Moreover, even if the Sheriff's Department did not have a reasonable legal basis for withholding the recordings, the plaintiff would still not be entitled to collect attorney fees for the simple reason that he did not incur any such fees. See *Hamer v. Lentz*, 132 Ill. 2d 49, 61-63 (1989). In *Hamer*, our supreme court determined that a *pro se* attorney "substantially prevailing" in an action under the Act was not entitled to collect attorney fees. The supreme court explained its reasoning as follows:

> "[A]s we have explained, the legislative history of the Illinois fee provision shows that the purpose of the provision is to ensure enforcement of the [Act]. This is accomplished by removing the burden of legal fees, which might deter litigants from pursuing legitimate *** actions [under the Act]. We do not think the provi-

sion was intended as either a reward for successful plaintiffs or as a punishment against the government. [Citation.] A lawyer representing himself or herself simply does not incur legal fees. Thus legal fees do not present a barrier to a *pro se* lawyer seeking to obtain information.

Second, we think it is self-evident that one of the goals of the Illinois fee provision is to avoid unnecessary litigation by encouraging citizens to seek legal advice before filing suit. [Citation.] We agree *** that the lack of objectivity that results from self-representation will not further this goal." *Hamer*, 132 Ill. 2d at 61-62.

Although the *Hamer* court declined to consider whether its ruling was also applicable to nonlawyer *pro se* litigants, the court did note that, "with the exception of the Court of Appeals for the District of Columbia, all of the circuit courts of appeals that have considered the question have held that a nonlawyer *pro se* litigant is not entitled to fees" under the federal Freedom of Information Act (5 U.S.C.A. § 552 (West 1996)). *Hamer*, 132 Ill. 2d at 58, citing *Aronson v. United States Department of Housing & Urban Development*, 866 F.2d 1, 4 (1st Cir. 1989).

In reliance upon the principles articulated in *Hamer*, we conclude that nonlawyer *pro se* litigants are also barred from collecting attorney fees under section 11(i) of the Act. We find no appreciable difference between a lawyer and a nonlawyer representing himself in a *pro se* complaint under the Act; in either case, neither litigant incurs any legal fees in the prosecution of his action. See *Hamer*, 132 Ill. 2d at 62; *Aronson*, 866 F.2d at 4. Moreover, such a rule will further the Act's goal of avoiding unnecessary litigation by encouraging citizens to seek legal advice prior to filing suit. *Hamer*, 132 Ill. 2d at 62. As the plaintiff herein represented himself throughout the proceeding, he did not incur any attorney fees that can be reimbursed. Therefore, we conclude that the trial court properly denied his motion for attorney fees under the Act.

The plaintiff's second argument on appeal is that the trial judge should have disclosed his personal "relationship" to the defendant and disqualified himself from presiding over this case. Specifically, the plaintiff complains that, at the time this litigation was pending, the defendant served as the chairman of the "16th Circuit Judges Retention Committee." The purpose of this committee was to advocate the retention of six circuit court judges in the 16th Judicial Circuit during the 1996 general election. Although the trial judge in the instant case was not one of the six judges seeking retention, the plaintiff nonetheless argues that the judge was incapable of being impartial. This argument is without merit.

■ Supreme Court Rule 63(C)(1)(a) requires a trial judge to disqualify himself when his impartiality may be reasonably questioned due to his personal bias in favor of one of the parties. 155 Ill. 2d R. 63(C)(1)(a). In order to secure a new trial due to a trial judge's failure to disqualify himself, the moving party bears the burden of demonstrating that he has suffered actual prejudice. *In re Marriage of Click*, 169 Ill. App. 3d 48, 52-53 (1988).

■ We do not believe that the trial judge in the instant case was under any obligation to disclose his "relationship" to the defendant or to disqualify himself. We can discern no reason why the trial judge would be unable to fairly preside over this case merely because the defendant served as the chairman of the committee to retain other circuit court judges. See generally *People v. McLain*, 226 Ill. App. 3d 892, 902-04 (1992). Indeed, it would seem that the trial judge herein was the appropriate individual to hear the case as he was not one of the circuit court judges seeking retention. Furthermore, we fail to see how the plaintiff has suffered any actual prejudice as he was ultimately successful in obtaining the recordings he sought; as already determined, the plaintiff was not entitled to collect attorney fees due to his *pro se* status.

■ The plaintiff's next argument on appeal is that the trial court erred in refusing to strike the affidavit of Commander John Marszalek, which was proffered in response to the plaintiff's motion for summary judgment. The plaintiff argues that the affidavit is without foundation and is conclusory. See 145 Ill. 2d R. 191(a). We decline to reach the merits of this argument as we find that it is moot. See *In re Estate of Wellman*, 174 Ill. 2d 335, 353 (1996). Regardless of whether it was appropriate for the trial court to consider the affidavit, the plaintiff has already secured a court order requiring the Sheriff's Department to release the requested recordings. Therefore, there is nothing for the plaintiff to gain by having the affidavit stricken. We additionally note that, for the reasons already stated, the affidavit was not relevant in making the determination that the plaintiff was not entitled to attorney fees.

■ The plaintiff's final argument on appeal is that Supreme Court Rule 63 (155 Ill. 2d R. 63) is unconstitutional. As the plaintiff failed to raise this issue below, we decline to consider it on appeal. See *In re Liquidations of Reserve Insurance Co.*, 122 Ill. 2d 555, 568 (1988).

For the foregoing reasons, the judgment of the circuit court of Kane County is affirmed.

Affirmed.

INGLIS and McLAREN, JJ., concur.