# Illinois Official Reports

## Appellate Court

---

**McCarthy v. Abraham Lincoln Reynolds, III, 2006 Declaration of Living Trust,**
**2018 IL App (1st) 162478**

---

| | |
|---|---|
| Appellate Court Caption | GERALD S. McCARTHY, Plaintiff-Appellant, v. ABRAHAM LINCOLN REYNOLDS, III, 2006 DECLARATION OF LIVING TRUST; ROZLYN TAYLOR, Individually and as Trustee; and MARVIN GRAY, Defendants (Marvin Gray, Defendant-Appellee). |
| District & No. | First District, Fifth Division Docket No. 1-16-2478 |
| Filed | March 30, 2018 |
| Rehearing denied | May 1, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-09651; the Hon. Kathleen M. Pantle, Judge, presiding. |
| Judgment | Affirmed in part; reversed in part; attorney fees vacated. |
| Counsel on Appeal | Tanya D. Woods, of Chicago, for appellant. Marvin W. Gray, appellee *pro se*. |
| Panel | JUSTICE LAMPKIN delivered the judgment of the court, with opinion. Justices Hall and Rochford concurred in the judgment and opinion. |

**OPINION**

¶ 1   Plaintiff, Gerald McCarthy, was the beneficiary of a living trust. After the trustee died, defendant, Marvin Gray, was appointed as the attorney of that trust. Plaintiff filed a complaint against Gray for breach of fiduciary duty and tortious interference with plaintiff's beneficiary interest. Plaintiff's complaint eventually was dismissed. Plaintiff now appeals the order of the circuit court imposing Illinois Supreme Court Rule 137 (eff. July 1, 2013) sanctions against him and awarding attorney fees to Gray, who appeared *pro se*. Plaintiff contends the circuit court erred in dismissing his tortious interference claim based on *res judicata* and issuing Rule 137 sanctions because the claim was frivolous. Plaintiff additionally contends the circuit court erred in awarding excessive fees as a sanction against him and in favor of defendant, appearing as a *pro se* attorney. Based on the following, we affirm in part and reverse in part.

¶ 2                                                      FACTS

¶ 3   In 2006, plaintiff was named as a beneficiary to the Abraham Lincoln Reynolds, III, Declaration of Living Trust (Trust). Plaintiff filed a complaint in 2013 alleging an amendment to the Trust naming defendant, Rozlyn Taylor, as the trustee was invalid. Gray was presented as a witness in the subsequent trial. The circuit court ultimately ruled against plaintiff, and this court affirmed. *McCarthy v. Taylor*, 2014 IL App (1st) 132239.

¶ 4   On June 9, 2014, plaintiff filed a five-count complaint against defendants. In relevant part, plaintiff presented two counts against Gray (1) alleging Gray breached his fiduciary duty to plaintiff as a beneficiary of the Trust and (2) alleging Gray tortiously interfered with plaintiff's share of the Trust by making false statements and presenting misleading evidence against him in the 2013 case. In response, Gray filed a combined motion to dismiss pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2012)). On February 27, 2015, the circuit court dismissed the tortious interference claim with prejudice pursuant to section 2-619(a)(4) of the Code (*id.* § 2-619(a)(4)) based on the doctrine of *res judicata*, where the cause of action essentially asked the circuit court to relitigate the issues determined in the 2013 case, namely, the veracity of the Trust amendment. The court also dismissed plaintiff's breach of fiduciary duty claim, but on the basis of his failure to present a sufficient claim pursuant to section 2-615 of the Code (*id.* § 2-615). Plaintiff was granted leave to amend his complaint with regard to the breach of fiduciary duty claim.

¶ 5   On March 27, 2015, plaintiff filed an amended complaint containing one count against Gray for breach of fiduciary duty. Plaintiff alleged Gray had a duty to act with due care in providing plaintiff with services related to the Trust, such as an inventory and an accounting. On August 25, 2015, the circuit court again dismissed plaintiff's claim against Gray. In so doing, the court stated:

> "McCarthy has not alleged any facts which would establish that Gray owed him a fiduciary duty. McCarthy has cited no legal authority for the proposition that a trust attorney owes a fiduciary duty to the trust's beneficiaries as a matter of law. Since McCarthy and Gray were not otherwise in privity, McCarthy would need to allege facts which would show his eligibility for an exception to the rule. However, McCarthy has failed to allege facts to support that any contract was entered into for his benefit, or the benefit of all the beneficiaries. Since McCarthy has failed to make any more than a

- 2 -

bare-bones assertion that a fiduciary duty exists, he has not alleged the essential elements of his cause of action.

McCarthy argues that a court can impose liability upon attorneys who knowingly and substantially assist their clients in causing another party's injury. *Thornwood, Inc. v. Jenner & Block*, 344 Ill. App.3d 15, 28 (1st Dist. 2003). Though it is true that an 'attorney can be held liable for assisting a client in a conspiracy or knowingly or substantially assisting a client commit a tort (*Id.* at 28-29),' McCarthy has not alleged any facts in support of a claim that Gray illegally conspired with Rozlyn Taylor (the trustee) or that he knowingly or substantially assisted Taylor commit a tort. Rather, McCarthy pleads only that Gray failed to respond to McCarthy's requests for an inventory and an accounting without pleading any facts to support his claim that Gray (rather than the trustee) has a duty to provide an inventory and an accounting. McCarthy also complains that Gray failed to reimburse him for part of his expenditures (*i.e.* $2000.00) without pleading any facts that demonstrate that Gray, as the attorney for the Trust, has the responsibility to make such reimbursement. Needless to say, there are no facts which, if proved, would demonstrate that Gray and Taylor have been illegally conspiring against McCarthy or that Gray has been assisting Taylor [to] commit any torts. Additionally, Gray's legal opinion about whether McCarthy's [*sic*] is a beneficiary of the Trust is not actionable. Gray's use of the term 'ostensible beneficiary' does not make him liable to McCarthy."

¶ 6    Thereafter, Gray filed a motion seeking Rule 137 sanctions, including an award for attorney fees and an award for costs, against plaintiff. In support of his request for sanctions, Gray alleged that plaintiff made false statements in his complaint and that he and plaintiff did not have an attorney-client relationship. Gray requested sanctions in the amount of $11,232.55 as a result of having to defend against "plaintiff's unfounded, fallacious and specious allegations and pleadings."[1]

¶ 7    On March 30, 2016, the circuit court entered an order granting in part and denying in part Gray's motion for Rule 137 sanctions. The court found that, while plaintiff did not plead any false statements of fact in his complaints, his cause of action against Gray for tortious interference was frivolous and, therefore, subject to Rule 137 sanctions. The court, however, concluded that sanctions were not appropriate for the breach of fiduciary duty claim in the original complaint or the amended complaint. Moreover, the court determined that, although Gray proceeded *pro se*, "the language of Rule 137 supports the notion that sanctions are available because the supreme court made it clear that a sanction may (but does not necessarily have to) include attorney fees." Accordingly, the court found Gray would receive an award in his defense against a frivolous claim. We note that the court's March 30, 2016, order confused the numeration of the counts that were sanctionable and nonsanctionable. The court's ruling, however, is clear from the context of the order. Gray was provided 28 days to file a supplemental petition to support his requested sanctions.

¶ 8    Plaintiff then filed a motion to reconsider the March 30, 2016, order. In his motion, plaintiff argued the circuit court misapplied the law where his tortious interference claim was not barred by *res judicata* and, therefore, was not frivolous. Plaintiff additionally argued the

---

[1]Gray later amended the sanction request to $12,106.03 for the time expended defending against the case as of November 13, 2015.

- 3 -

circuit court erred in awarding sanctions based on its *res judicata* finding because Gray did not raise the issue of *res judicata* in his motion seeking sanctions. According to plaintiff, he was denied an opportunity to respond to the *res judicata* argument.

¶ 9    On April 28, 2016, Gray filed a supplemental petition reducing his sanction request to $8745.58, which included $102.28 in costs for parking and postage fees. In the supplemental petition, Gray argued that if sanctions were appropriate for the breach of fiduciary duty count in the original complaint (as erroneously suggested in the circuit court's March 30, 2016, order) then sanctions should be available for the breach of fiduciary duty count in the amended complaint as well because "the counts were virtually indistinguishable." Gray reasoned that he should be awarded two-thirds of his sanction request because he was successful in receiving Rule 137 violations on two of the three counts filed against him.

¶ 10   On August 4, 2016, the circuit court entered a corrected order clarifying that it had found Rule 137 sanctions were appropriate only for the tortious interference claim, not the breach of fiduciary duty claim. In addition, on the same date, the court denied plaintiff's motion to reconsider and entered a sanction award in Gray's favor in the amount of $9707.98, which included $102.28 in costs. In so finding, the circuit court reiterated that plaintiff had no legal basis for filing his tortious interference claim where the matter of the amendment of the Trust had been litigated in the 2013 case. In that case, the circuit court found Gray to be a credible witness. This court then affirmed the circuit court's findings on appeal. *McCarthy v. Taylor*, 2014 IL App (1st) 132239. In terms of the sanction award, the circuit court found Gray's request, *i.e.*, $8745.48 plus $962.50 in connection with litigating the motion to reconsider, was appropriate. Specifically, the court stated: "The amount of time Gray spent was appropriate and reasonable, and the requested amounts are reasonable and customary."

¶ 11   This appeal followed.

¶ 12                          ANALYSIS

¶ 13   Plaintiff first contends the circuit court erred in dismissing his tortious interference claim on the basis of *res judicata*.

¶ 14   The doctrine of *res judicata* bars any subsequent actions between the same parties or their privies on the same cause of action where there has been a final judgment on the merits rendered by a court of competent jurisdiction. *Nelson v. Chicago Park District*, 408 Ill. App. 3d 53, 60 (2011). Critically, *res judicata* bars not only what was decided in the first action but also whatever could have been decided in that action. *Id.* In order for the doctrine of *res judicata* to apply, there must be (1) a final judgment on the merits by a court of competent jurisdiction, (2) the existence of an identity of the causes of action, and (3) the existence of the same parties or their privies. *Id.* We review the questions of law presented by plaintiff's *res judicata* challenge *de novo*. *Id.* We additionally review the dismissal of plaintiff's claim under section 2-619 of the Code *de novo*. *Id.*

¶ 15   Plaintiff does not contest the finality of the judgment at issue. Instead, plaintiff argues that *res judicata* does not apply to this case where Gray was not a named party in the 2013 case and where the causes of action differ between the 2013 case and the underlying case. We disagree.

¶ 16   Although Gray was not named in the 2013 lawsuit, Taylor was named in both lawsuits. Moreover, Gray was the attorney for the Trust for which Taylor was named the successor trustee. Privity has been found to exist between parties who adequately represent the same

legal interests. *Diversified Financial Systems, Inc. v. Boyd*, 286 Ill. App. 3d 911, 916 (1997). "There is no generally prevailing definition of 'privity' that the court can apply to all cases; rather, determining privity requires careful consideration of the circumstances of each case." *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 403 Ill. App. 3d 179, 190 (2010). Under the circumstances presented here, we find Gray was in privity with Taylor for purposes of *res judicata* where plaintiff's concern in both cases was the validity of the Trust amendment and both Gray and Taylor represented the interests of the Trust.

¶ 17   We additionally find the causes of action were the same in both lawsuits for purposes of *res judicata*. Plaintiff insists the prior lawsuit involved the veracity of the Trust amendment while the underlying lawsuit involved the distribution and disbursement of the Trust assets. Plaintiff's argument is not supported by the record. Plaintiff's claim in the underlying lawsuit was labeled tortious interference; however, the complaint did not allege facts supporting a claim for tortious interference. Rather, plaintiff alleged Gray made false statements and presented misleading evidence in the 2013 case proceedings. Plaintiff's purported claim, therefore, attempted to attack Gray's credibility, which should have been raised in conjunction with the 2013 case in his efforts to invalidate the Trust amendment. See *Nelson*, 408 Ill. App. 3d at 60.

¶ 18   We, therefore, conclude plaintiff's tortious interference claim was properly dismissed based on the doctrine of *res judicata*.

¶ 19   Plaintiff next contends the circuit court abused its discretion in imposing Rule 137 sanctions and erred in issuing sanctions without providing him with a hearing.

¶ 20   Rule 137 authorizes the imposition of sanctions against a party or his attorney for filing a pleading, motion, or other paper that is not well grounded in fact and warranted by existing law or which has been interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. Ill. S. Ct. R. 137(a) (eff. July 1, 2013). " 'The purpose of Rule 137 is to prevent the filing of false and frivolous lawsuits.' " *Nelson*, 408 Ill. App. 3d at 68 (quoting *Yunker v. Farmers Automobile Management Corp.*, 404 Ill. App. 3d 816, 824 (2010)). Pursuant to Rule 137, an appropriate sanction may include an order to pay the other party's reasonable expenses "incurred because of the filing of the pleading, motion or other document, including a reasonable attorney fee." Ill. S. Ct. R. 137(a) (eff. July 1, 2013). Rule 137 is penal in nature, and therefore, its provisions must be strictly construed. *In re Marriage of Adler*, 271 Ill. App. 3d 469, 476 (1995). The circuit court is required to provide an explanation when imposing sanctions. *Nelson*, 408 Ill. App. 3d at 68. On review, this court may only affirm the imposition of sanctions on the grounds specified by the circuit court. *Id.* We review a circuit court's decision to impose sanctions for an abuse of discretion. *Id.* at 67. An abuse of discretion occurs when no reasonable person could have shared the view taken by the circuit court. *Id.* at 67-68.

¶ 21   Here, in its August 4, 2016, corrected order, the circuit court held that plaintiff's tortious interference claim was filed with no basis in law because it was barred by the doctrine of *res judicata*. The circuit court noted that plaintiff filed the 2013 lawsuit and litigated it to its final conclusion. The court further reasoned that plaintiff was "acutely aware of the proceedings because he verified the complaint in that case *** and he is a lawyer himself." Plaintiff additionally appealed the circuit court's decision of the 2013 case and later listed himself as cocounsel on the petition for leave to appeal to the Illinois Supreme Court. Accordingly, plaintiff was "well-aware" of the allegations in the 2013 complaint and the

proceedings that took place in relation thereto. The circuit court found there was "no basis in law" for plaintiff to file his tortious interference claim where, despite being aware of the final judgment in the 2013 case, he never set forth any good faith explanation regarding why he filed the subsequent claim that was a clear attempt to relitigate the findings of fact and credibility determinations made in the 2013 case.

¶ 22   We find the circuit court did not abuse its discretion in imposing Rule 137 sanctions against plaintiff for violating the rule. As found by the circuit court, plaintiff, though represented by counsel in the 2013 case, expressly was involved and had knowledge of the allegations of that complaint and the resulting proceedings that occurred. Notwithstanding, plaintiff filed the instant action to challenge Gray's credibility in the 2013 action, which is a claim that should have been raised in the 2013 case. We, therefore, conclude plaintiff's tortious interference claim was not well-grounded in law because it was barred by *res judicata.* As a result, it was not unreasonable for the circuit court to find the tortious interference claim was filed for an improper purpose under Rule 137.

¶ 23   To the extent plaintiff argues he was sanctioned without a proper hearing, we disagree. Plaintiff alleges Gray failed to raise *res judicata* as a basis for the imposition of sanctions and, therefore, the circuit court erred in awarding sanctions on that basis without providing him with a hearing. Our review of the record demonstrates that the circuit court dismissed plaintiff's tortious interference claim on February 27, 2015, based on *res judicata* and then granted Gray's request for Rule 137 sanctions on March 30, 2016, where it found the tortious interference claim was frivolous. Accordingly, at the time the circuit court considered the Rule 137 sanctions, plaintiff was fully aware that his tortious interference claim had been dismissed based on *res judicata*. Moreover, Gray's motion requesting Rule 137 sanctions alleged he was entitled to such sanctions "[d]ue to the plaintiff's unfounded, fallacious and specious allegations and pleadings." Notwithstanding, plaintiff never requested an evidentiary hearing on any basis.

¶ 24   Furthermore, the circuit court's determination that plaintiff's claim was frivolous did not require an evidentiary hearing where it was capable of being made in reliance on the pleadings and the 2013 case. *Cf. Century Road Builders, Inc. v. City of Palos Heights*, 283 Ill. App. 3d 527, 531 (1996) (finding an evidentiary hearing was necessary prior to imposing Rule 137 sanctions where the sanctions were based on determinations that untrue statements in the pleading were without a reasonable cause and the pleadings were filed for an improper purpose). There were ample facts in the record to support the court's finding that plaintiff's tortious interference claim was barred by *res judicata*. We, therefore, find the circuit court did not err in ruling, without an evidentiary hearing, that Rule 137 sanctions were appropriate in light of plaintiff's frivolous claim barred by the doctrine of *res judicata*. Instead, the circuit court's decision was informed, based on valid reasoning, and followed logically from the facts. See *Technology Innovation Center, Inc. v. Advanced Multiuser Technologies Corp.*, 315 Ill. App. 3d 238, 244 (2000).

¶ 25   We further find plaintiff forfeited any argument related to amending his tortious interference claim where he raised the issue for the first time on appeal. See *Vandenberg v. Brunswick Corp.*, 2017 IL App (1st) 170181, ¶ 39.

¶ 26   Plaintiff finally contends the circuit court abused its discretion in awarding excessive fees against him to an attorney that proceeded *pro se*. Plaintiff cites *Hamer v. Lentz*, 132 Ill. 2d 49

(1989), and its progeny to support his argument regarding the impropriety of awarding the fees to Gray.

¶ 27 We first address our standard of review. As stated, a circuit court's decision to impose sanctions pursuant to Rule 137 is a matter of discretion and will not be overturned absent an abuse of that discretion. *Nelson*, 408 Ill. App. 3d at 67. However, whether a circuit court has the authority to grant attorney fees as an available remedy is a question of law that we review *de novo*. *People ex rel. Schad, Diamond & Shedden, P.C. v. My Pillow, Inc.*, 2017 IL App (1st) 152668, ¶ 101. Because plaintiff challenges the circuit court's authority to award attorney fees under Rule 137 to Gray, who appeared *pro se*, our review is *de novo*.

¶ 28 In *Hamer*, the supreme court held that an attorney appearing *pro se* in an action brought pursuant to the Freedom of Information Act (FOIA) (Ill. Rev. Stat. 1987, ch. 116, ¶ 201 *et seq.*) was not entitled to attorney fees. *Hamer*, 132 Ill. 2d at 63. The FOIA contains a standard fee-shifting provision that is silent on the issue of a *pro se* attorney recovering fees. The supreme court reasoned that fees were not appropriate under those circumstances because the fee-shifting provision of the FOIA was designed (1) to remove the burden of legal fees as a deterrent from litigants, which was not a barrier for a *pro se* attorney because a lawyer representing himself does not incur legal fees, (2) to reduce unnecessary litigation by encouraging citizens, even lawyers, to seek objective legal advice before filing suit, and (3) to avoid abusive fee generation by unscrupulous attorneys. *Id.* at 61-62. Subsequent appellate decisions have expanded the rule to other contexts. See, *e.g.*, *Kehoe v. Saltarelli*, 337 Ill. App. 3d 669, 678 (2003) (holding an individual attorney was not entitled to recover fees for *pro se* representation in a malpractice action); *In re Marriage of Pitulla*, 202 Ill. App. 3d 103, 117-18 (1990) (finding the rule barring *pro se* attorneys from collecting attorney fees applied in the context of a divorce proceeding); *Uptown People's Law Center v. Department of Corrections*, 2014 IL App (1st) 130161, ¶ 25 (denying fees under FOIA for work performed by in-house, salaried lawyers on behalf of its employee, an organization).

¶ 29 The parties have not cited, and our research has not uncovered, any case law applying the *Hamer* rule to a Rule 137 motion. We acknowledge the purpose of Rule 137 is, in relevant part, to curb the filing of frivolous pleadings. See *Sanchez v. City of Chicago*, 352 Ill. App. 3d 1015, 1020 (2004). We further acknowledge that plaintiff's tortious interference claim was undoubtedly a frivolous cause of action. Rule 137, however, is silent on the recovery of attorney fees for all *pro se* litigants, whether an attorney or not. Without any support establishing that attorney fees are appropriate under the circumstances before us, we choose to follow the demonstrated law providing that *pro se* attorneys are not entitled to attorney fees, especially because Rule 137 is penal in nature and must be strictly construed. See *Adler*, 271 Ill. App. 3d at 476. We find the policy reasons provided in prior case law to be convincing; thus, we will not extend Rule 137 to provide attorney fees to *pro se* attorneys.

¶ 30 Our review of the case law demonstrates a significant purpose of awarding attorney fees is to enable potential plaintiffs to obtain the assistance of competent, independent counsel. *Kay v. Ehrler*, 499 U.S. 432, 436-37 (1991) (holding, two years after the *Hamer* decision, that a *pro se* attorney was not entitled to recover attorney fees under 42 U.S.C. § 1988 (1988)). When an attorney proceeds *pro se*, that lawyer is deprived of independent judgment. *Id.* at 437. The United States Supreme Court advised, instead, that "furthering the successful prosecution of meritorious claims is better served by a rule that creates an incentive to retain counsel in every such case." *Id.* at 438. We find it notable that the Supreme Court, in a footnote, seemed to

identify the existence of an attorney-client relationship as critical in establishing an objective assessment of a meritorious claim. *Id.* at 436 n.7 (discussing the difference between individual attorneys engaged in self-representation and organizational plaintiffs being represented by an employee of the organization). Moreover, as in *Hamer*, courts consistently have considered the fact that *pro se* attorneys are not burdened by legal fees, such that the fees create a barrier to seeking representation. See *Uptown*, 2014 IL App (1st) 130161, ¶ 25. Further, courts have highlighted that nonattorney *pro se* litigants are not entitled to fees for the time they spend litigating their own cases; therefore, *pro se* attorneys should not be treated differently. See *Brazas v. Ramsey*, 291 Ill. App. 3d 104, 110 (1997) (reasoning that *pro se* attorneys were barred from collecting attorney fees under FOIA because there was "no appreciable difference between a lawyer and a nonlawyer representing himself in a *pro se* complaint" as, "in either case, neither litigant incurs any legal fees in the prosecution of his action"); *Aronson v. United States Department of Housing & Urban Development*, 866 F.2d 1, 5 (1st Cir. 1989) ("Lawyers are not the only persons whose stock in trade is time and advice.").

¶ 31    The only case we have uncovered that awarded attorney fees to a *pro se* attorney was *Department of Conservation v. Lawless*, 100 Ill. App. 3d 74 (1981). In *Lawless*, the Third District awarded attorney fees to a *pro se* attorney under the Eminent Domain Act (Ill. Rev. Stat. 1979, ch. 47, ¶ 1 *et seq.*). *Id.* at 82. We, however, do not find *Lawless* persuasive enough to depart from the cases discussed above where the *Lawless* court provided little, or no, analysis and no support for its reasoning.

¶ 32    In sum, we conclude Gray was not entitled to collect attorney fees in this case under Rule 137 where he did not incur such fees while appearing *pro se* throughout the proceedings.

¶ 33                                          CONCLUSION

¶ 34    We affirm the judgment of the circuit court dismissing plaintiff's tortious interference claim based on *res judicata* and affirm the finding that plaintiff violated Rule 137 in conjunction with the filing of that frivolous claim. We, however, reverse the circuit court's finding that Gray, appearing *pro se* in the proceedings, was entitled to attorney fees and vacate that award.

¶ 35    Affirmed in part; reversed in part; attorney fees vacated.