PETER A. CANTWELL, Plaintiff-Appellant, v. SUSAN E. REINHART, Defendant-Appellee.

First District (6th Division)   No. 1—92—1501

Opinion filed March 19, 1993.

200

Cantwell & Cantwell, of Chicago (Peter A. Cantwell, of counsel), for appellant.

Terrence J. Goggin and Robert E. Mahoney, both of Goggin, Cutler & Hull, of Chicago, for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Peter A. Cantwell, filed a two-count complaint seeking to recover legal fees and costs for services rendered in a dissolution action on behalf of defendant, Susan Reinhart, against her former spouse, R. Michael Reinhart. Count I of the complaint sought recovery solely from Susan, while count II requested an award of fees against both Susan and her previous spouse. The trial court granted Michael's motion to dismiss, which was later affirmed by this court. (*Cantwell v. Reinhart* (1st Dist.), No. 1—91—0158 (unpublished order under Supreme Court Rule 23).) Susan's motion to dismiss the

claims against her was also granted by the trial court, and it is that order which is challenged in this appeal.

Plaintiff appeals, contending that the trial court's reliance upon the hearing held pursuant to section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1989, ch. 40, par. 508), which determined the amount of attorney fees due and payable from the client's spouse to plaintiff, was misplaced. Specifically, plaintiff argues that the section 508 hearing only decided the issue of the spouse's contribution, and not the amount of fees due and payable from the client to the attorney.

The record reveals the following relevant facts. In late 1981, plaintiff and co-counsel Andrew V. DePaul were retained by Susan to represent her in a petition for dissolution of marriage proceeding, including provisions for child custody, child support and visitation rights. Upon conclusion of the dissolution proceedings, plaintiff presented a petition for attorney fees pursuant to section 508 of the Act. Following an evidentiary hearing, an order was entered wherein Michael was ordered to pay Susan the sum of $1,000 for attorney fees. No appeal was taken from the entry of that order. (As of March 1983, Susan had paid to plaintiff the sum of $5,500 as partial payment for costs and services rendered.)

Susan never received the $1,000 she was entitled to collect. Six years later, plaintiff filed suit against both Susan and Michael in the law division of the circuit court of Cook County, seeking $19,500 representing 137.85 hours and $70.30 in expenses in connection with the work expended on behalf of Susan. At the hearing, the court noted that the petition for attorney fees previously presented and signed by plaintiff on behalf of Susan was 3½ pages in length; thus, the judge opined that plaintiff must have listed all the work he had performed in the dissolution action. The trial court dismissed the claims against both parties, concluding that the issue of attorney fees had already been adjudicated during the section 508 hearing.

At a motion to reconsider, plaintiff argued that Susan instructed him not to pursue the judgment against her previous spouse or "awake a sleeping dog" by "stirring the pot and forcing the judgment," and that he respected her request rather than breach his duty of lawyer-client confidentiality. Plaintiff's affidavit stated that at the direction and instruction of his client, Susan, he was instructed not to present substantial evidence and testimony as to the value of the legal services rendered. The judge again found that plaintiff had the opportunity to have his "day in court," and

based upon some misplaced loyalty to a client who directed him to proceed in a different direction, he waived his "day in court."

The sole issue presented on appeal is whether plaintiff is precluded from bringing an action to recover attorney fees against Susan on the grounds of *res judicata*, when a judgment order exists on this issue in a prior action brought by Susan against Michael. Plaintiff argues that *res judicata* does not apply to this action because the section 508 proceeding only decided the issue of the spouse's contribution, and not the amount of fees due and payable from the client to the attorney. As such, plaintiff has been denied his "day in court" because his claim against Susan for attorney fees was neither presented in, nor adjudicated by, the section 508 proceeding brought by Susan against her husband.

■ Section 508 of the Act provides in pertinent part:

"Attorney's Fees. (a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees necessarily incurred or, for the purpose of enabling a party lacking sufficient financial resources to obtain or retain legal representation, expected to be incurred by the other spouse, which award shall be made in connection with the following:

(1) The maintenance or defense of any proceeding under this Act.

* * *

(c) The court may order that the award of attorney's fees and costs hereunder shall be paid directly to the attorney, who may enforce such order in his name, or that they be paid to the relevant party. Judgment may be entered and enforcement thereof had accordingly." Ill. Rev. Stat. 1989, ch. 40, par. 508.

At the outset, we note that paragraph (c) of section 508 as set forth above affords the court the latitude to make an award of attorney fees directly to an attorney, who may enforce such an order in his name. At the time the section 508 hearing was held in 1983, the law was substantially the same. Thus, had plaintiff anticipated any difficulty in collecting attorney fees at the time the section 508 hearing was conducted, it was incumbent upon him to so advise the court.

■ The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is con-

clusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand, or cause of action. The bar extends not only to what has actually been determined in the former proceeding, but also to any other matters properly involved by subject matter which could have been raised and determined. (*Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, 545 N.E.2d 481.) The proper test to determine identity of causes of action for *res judicata* purposes is whether actions are based upon a common core of operative facts, or whether the same evidence would sustain both actions. *Landers v. Fronczek* (1988), 177 Ill. App. 3d 240, 532 N.E.2d 265.

■■ In this case, we concur with the trial judge's assessment that plaintiff's attempt to relitigate the attorney fees issue under these circumstances is barred by *res judicata*, because this issue has been conclusively determined during the course of the section 508 hearing. At that hearing, plaintiff presented evidence as to all the work done by him and associate counsel in the course of the dissolution proceedings. Indeed, that petition stated that Susan was unemployed and unable to pay fees. There was no evidence that only contribution was being sought from the husband. The judgment order, as prepared by plaintiff and signed by the trial judge, specifically states that the court heard the testimony of petitioner (Susan), respondent (Michael) and petitioner's attorney (plaintiff), examined and considered the petition and affidavit of attorney fees and heard the arguments of counsel.

Plaintiff maintains that he should not be deprived of fees since Susan had directed him not to pursue the judgment against Michael. We note that plaintiff presented this argument for the first time in his motion for reconsideration only after the trial judge had dismissed his petition. In any event, we do not believe that such a direction from his client would render the doctrine of *res judicata* inapplicable.

Further, we are unpersuaded by plaintiff's argument that because the section 508 hearing action was brought on behalf of Susan against her former spouse, there is no identity between the parties. It is well established that the attorneys for the litigants in a dissolution proceeding are considered as parties in interest in an action for attorney fees to the extent that while such fees are generally awarded to the client, they properly "belong" to the attorney. (*In re Marriage of Baltzer* (1986), 150 Ill. App. 3d 890, 502 N.E.2d 459; *Gilmore v. Gilmore* (1979), 74 Ill. App. 3d 831, 393

N.E.2d 33; *Moore & Howell v. Steinbock* (1978), 67 Ill. App. 3d 336, 384 N.E.2d 909.) The attorney has standing in such cases to pursue an action for fees himself as a party in interest. *In re Marriage of Baltzer*, 150 Ill. App. 3d 890, 502 N.E.2d 459; *In re Marriage of Dague* (1985), 136 Ill. App. 3d 297, 483 N.E.2d 322.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

EGAN and RAKOWSKI, JJ., concur.