2023 IL App (1st) 211053-U
No. 1-21-1053

FIRST DIVISION
August 14, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| CATHERINE GRACE O'CONNELL, | ) | Appeal from the Circuit Court of |
| | ) | Cook County, Illinois, County |
| Plaintiff-Appellant, | ) | Department, Chancery Division |
| | ) | |
| v. | ) | No. 2020 CH 04790 |
| | ) | |
| MICHAEL ALVARADO, individually and as a | ) | |
| partner of DAVIS FRIEDMAN, LLC, an Illinois | ) | The Honorable |
| Limited Liability Company; DAVIS FRIEDMAN, | ) | Eve M. Reilly, |
| LLC, an Illinois Limited Liability Company; and | ) | Judge Presiding. |
| ANTHONY McCORMICK, an individual, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE PUCINSKI delivered the judgment of the court.
Justice Coghlan concurred in the judgment.
Justice Hyman specially concurred.

**ORDER**

¶ 1    *Held*: We affirm the circuit court's order granting Defendants-Appellees' motion to dismiss Plaintiff-Appellant's complaint pursuant to 735 ILCS 5/2-619. The causes of action brought by Plaintiff-Appellant against her ex-husband's counsel in an underlying Domestic Relations case were barred by *res judicata*, were brought after the relevant statutory limitations period, and were improperly filed in the Chancery Division where Plaintiff-Appellant could only seek relief by the filing of a petition to vacate a final judgment in the same proceeding in which the judgment was entered, pursuant to 735 ILCS 5/2-1401.

¶ 2    Plaintiff-Appellant Catherine Grace O'Connell filed suit in the Chancery Division of the circuit court against her former husband and the counsel he retained to represent him in post-divorce proceedings, alleging, among other related claims, fraud on the court against attorney Defendant-Appellees Michael Alvarado and Davis Friedman, LLC ("Davis Friedman") and against her ex-husband, Anthony McCormick, for aiding and abetting the alleged fraudulent conduct of his counsel. The alleged fraud against the court relates to the underlying divorce case, in which the Domestic Relations judge entered an order striking with prejudice O'Connell's motion for modification of maintenance. The handwritten order was prepared by Alvarado and then signed and entered by the court.

¶ 3    Defendants filed a motion to dismiss all counts on the grounds that her complaint was untimely, that it was barred by *res judicata*, and that it was not the proper procedural mechanism for seeking vacatur of a judgment entered over 30 days ago and her sole recourse was to file a petition pursuant to 735 ILCS 5/2-1401. The circuit court granted the motion to dismiss, stating in an oral ruling that the bases for dismissal were (1) that the only avenue for vacating the order was a section 1401 proceeding before the Domestic Relations judge who entered it, and "the other reasons cited in the briefs." O'Connell filed a *pro se* appeal from the Chancery court's order.

¶ 4                                    BACKGROUND

¶ 5    O'Connell filed a petition for dissolution of marriage in the Domestic Relations Division of the circuit court against Anthony McCormick in 2007. A Judgement for Dissolution of Marriage was entered in 2009. In 2013, O'Connell filed a motion for modification of maintenance. In 2014, McCormick hired attorney Alvarado of Davis Friedman to represent him in those proceedings and in subsequent post-divorce litigation. On November 12, 2014, the judge in the Domestic Relations matter ruled on O'Connell's motion, striking it with prejudice because she failed to appear.

O'Connell's counsel was present at the hearing, and the order was entered over his objection.[1] The court also granted McCormick leave to file a petition for fees against O'Connell, finding no good cause for her failure to appear.

¶ 6     On December 12, 2014, O'Connell filed a motion to reconsider and clarify the November 2014 order, taking issue specifically with the "with prejudice" language and seeking to have it stricken from the order. She claimed that the court never made such a ruling at the hearing, and that Alvarado added this language in the written order in error. On January 13, 2015, O'Connell and McCormick signed and entered into an agreed order resolving all pending litigation at that time, including O'Connell's motion to reconsider and clarify, which became voluntarily dismissed pursuant to the agreed order. Further litigation in the Domestic Relations Division and an appeal in this Court followed; these proceedings are not relevant to the present appeal.

¶ 7     On August 31, 2020, O'Connell filed an amended complaint[2] in the Chancery Division of the circuit court against Alvarado, Davis Friedman, and McCormick, primarily pleading fraud on the court against Alvarado and Davis Friedman and aiding and abetting fraud on the court against McCormick. The alleged fraud stemmed from the Domestic Division's entry of the November 12, 2014 order striking with prejudice O'Connell's motion for modification of maintenance. She claims that after the hearing on her motion, which she alleges she was unable to attend due to her health, Alvarado prepared a draft order falsely stating that the court struck her motion with prejudice. She does not challenge the fact that the court struck her motion, only claiming that the

---

[1] O'Connell was continuously represented by different counsel at various times throughout the divorce and post-divorce proceedings; the attorney who appeared on her behalf at the hearing on her motion for modification of maintenance moved and was granted leave to withdraw at that same time. She then obtained new counsel and switched counsel a few more times. None are relevant to the present appeal, but we note that O'Connell appeals *pro se*.

[2] She filed the original complaint on July 1, 2020 but filed her amended complaint before serving the original on Defendants; discussion of her complaint therefore refers to the amended complaint filed approximately two months later.

Domestic Relations judge never stated that it was with prejudice. O'Connell alleges that Alvarado knowingly falsely included the "with prejudice" language in the order, and that the transcript of the hearing reveals that the judge never said these words. She argues that the entry of the November 2014 order, with the "with prejudice" language, affected her claims for additional maintenance from McCormick, and were it not for the order striking her motion with prejudice, she would not have executed the January 13, 2015 agreed order.[3]

¶ 8    Alvarado and Davis Friedman[4] filed a section 2-619 motion to dismiss O'Connell's amended complaint, on three bases: (1) that it was barred by *res judicata* pursuant to section 2-619(a)(4) due to the January 2015 agreed order; (2) that it was barred by the two-year statute of limitations for actions against attorneys pursuant to section 2-619(a)(5) and 735 ILCS 5/13-214.3(b); and (3) that it was barred by another affirmative matter pursuant to section 2-619(a)(9) because the only procedural mechanism for vacating an order entered over 30 days prior is the filing of a section 2-1401 petition in the same proceeding in which the order was entered. The Chancery Division judge entered an order granting Defendants' motion to dismiss on March 5, 2021, stating on the record that the November 2014 order was voidable, and therefore O'Connell's only avenue for relief was a section 2-1401 proceeding before the Domestic Relations Division judge who oversaw the underlying divorce matter. She further stated that the motion to dismiss was granted for that reason, as well as "the other reasons cited in the briefs."

---

[3] O'Connell specifically takes issue with a cohabitation clause that was included in the agreed order, which stated that McCormick's maintenance payments to O'Connell would terminate upon her cohabitation with another person. In 2017, McCormick, through Alvarado and Davis Friedman, filed a Petition to Determine Cohabitation, and on June 4, 2019, the court entered an order finding that O'Connell was cohabitating with another individual and terminating McCormick's maintenance obligations. In her amended complaint, O'Connell makes further fraud allegations regarding the cohabitation proceedings, the particular details of which have no impact on this appeal.

[4] Defendant McCormick was not a party to the motion to dismiss, and is not a party to this appeal. Going further, any discussion of "Defendants" refers to Alvarado and Davis Friedman.

¶ 9 O'Connell filed a motion to reconsider on April 1, 2021, which the circuit court denied in a July 27, 2021 order. O'Connell now appeals from that order and the underlying order granting Defendants' motion to dismiss. On appeal, she argues that her complaint was properly filed as a new action in the Chancery Division because it was a separate and unrelated matter from the underlying divorce proceedings between herself and McCormick. She also alleges that the November 2014 order was void because it was procured by extrinsic fraud, and a collateral attack on a void judgment resulting from fraud on the court is not subject to any statutory limitations period, to the time constraints or due diligence requirement of a section 2-1401 proceeding, or to an affirmative defense of *res judicata* or any other defense.

¶ 10 She further argues that the circuit court erred in granting Defendants' motion to dismiss her complaint with prejudice because Defendants' motion disputed the underlying facts, including whether O'Connell was represented by counsel when the November 2014 order was entered and whether the January 2015 agreed order was a modifiable order or a final judgment, and Defendants did not attach supporting affidavits for their factual assertions.

¶ 11 Next, she claims that if the Chancery court was correct and her complaint should have been filed in the Domestic Relations Division, the matter should have been transferred to that division rather than dismissed with prejudice.

¶ 12 Finally, O'Connell argues that the circuit court erred in dismissing her count of civil conspiracy, because the court did not make any reference to this count in its ruling and did not grant her request to clarify its ruling by identifying the specific subsection of section 2-619 under which it had granted Defendants' motion to dismiss her amended complaint.

¶ 13 ANALYSIS

¶ 14                                     Standard of Review

¶ 15     A section 2-619 motion to dismiss admits the legal sufficiency of the complaint but asserts certain defects or defenses outside the pleadings which defeat the claims. See *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 352 (2008). The section 2-619 motion admits as true all well-pleaded facts, all reasonable inferences to be drawn from the facts, and the legal sufficiency of the claim. *Id.* In addition, all pleadings and supporting documents must be construed in the light most favorable to the non-moving party. *Id.* When ruling on a section 2-619 motion to dismiss, the court may consider pleadings, depositions, and affidavits; facts contained in supporting affidavits that are not challenged by counter-affidavits are deemed to be true. *Goral v. Kulys*, 2014 IL App (1st) 133236, ¶ 30. At issue on appeal is the question of "'whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law.'" *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55 (quoting *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993)). The dismissal of a section 2-619 motion to dismiss is reviewed *de novo. Porter*, 227 Ill. 2d at 352.

¶ 16     In the present matter, the circuit court granted Defendants' section 2-619 motion for all of the reasons asserted by the Defendants in their motion, which were based on *res judicata*, the statute of limitations for actions against attorneys, and 735 ILCS 5/2-1401. We may affirm the circuit court's judgment on any proper grounds supported by the record. *American Service Ins. Co. v. City of Chicago*, 404 Ill.App.3d 769, 776-77 (1st Dist. 2010).

¶ 17                                     *Res Judicata*

¶ 18     "The doctrine of *res judicata* provides that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action [that involves] the same claim,

demand, or cause of action." *Nowak v. St. Rita High School*, 197 Ill.2d 381, 389 (2001). To determine whether res judicata applies, we look for the following three requirements: "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) identity of parties or their privies; and (3) identity of causes of action." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 411 (2002) (citing *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 234 (1998)).

*¶ 19* A final judgment or order is one that "disposes of the rights of the parties, either on the entire case or on some definite or separate part of the controversy." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997). A dismissal with prejudice "is usually considered a final judgment." *Id.*; *see also Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 24; *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶¶ 31, 34 (Order striking the defendant's motion with prejudice was a final judgment.)

¶ 20 Defendants' first argument in support of the dismissal of O'Connell's claims was that they were previously adjudicated on the merits against O'Connell and in Defendants' favor in the Domestic Relations Division and affirmed on appeal. They state that the circuit court's November 12, 2014 order striking with prejudice McConnell's motion for modification of maintenance was a final order. Defendants also argue that the January 13, 2015 agreed order modifying O'Connell and McCormick's marital settlement agreement and terminating the outstanding motions in the divorce proceedings constituted a final judgment, as did the June 4, 2019 order finding that O'Connell met the conditions for cohabitation, which terminated McCormick's maintenance obligations to her pursuant to the agreed order.[5] O'Connell appealed from the latter order, and we affirmed the circuit court's ruling.

---

[5] Defendants also refer to two additional 2019 orders entered by the Domestic Relations court that awarded McCormick retroactive spousal maintenance and attorney's fees. O'Connell included those orders in her appeal, and we affirmed these as well.

¶ 21   O'Connell claims that there is no valid final judgment in the underlying litigation that can serve as the basis for satisfying the first *res judicata* requirement, because the November 2014 judgment was void due to being procured by fraud (and presumably, therefore, all orders relating to spousal maintenance entered after the court struck her modification motion.) She argues that Defendants "dispute the facts of the pleading" by stating that the circuit court's orders that she challenges are "voidable rather than void," and that it is improper to question the facts of the pleadings in a motion to dismiss pursuant to section 2-619 because all well-pled facts must be taken as true.

¶ 22   O'Connell is mistaken that Defendants attempt to introduce facts contradictory to the facts of her amended complaint. Whether an order is voidable or void is a matter of law, not fact; the question depends on whether the court entering the order possessed jurisdiction over the parties and subject matter. *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 27; *In re Marriage of Mitchell*, 181 Ill.2d 169, 174 (1998). Furthermore, the Chancery Division judge stated in her March 5, 2021 ruling on Defendants' motion to dismiss that she found the November 2014 order to be voidable, and "if the order is voidable, then the only avenue is a 2-1401 proceeding in front of [the Domestic Relations judge.]" A voidable judgment is one that was erroneously entered by a court with proper jurisdiction and is not subject to collateral attack. *See In re Marriage of Mitchell*, 181 Ill.2d at 174. O'Connell conflates this question with her allegations that Alvarado committed fraud on the court by improperly inserting the "with prejudice" language in the court's order. Taking all well-pled facts of her complaint as true does not require a finding that the order was void, because not all orders obtained through fraud are void; courts distinguish between "fraud which prevents a court from acquiring jurisdiction or merely gives the court colorable jurisdiction, and fraud occurring after the court's valid acquisition of jurisdiction, such as false testimony or concealment." *See In*

*re Adoption of E.L.*, 315 Ill.App.3d 137, 154 (1st Dist. 2000). O'Connell presents no argument challenging the circuit court's determination that the November 2014 order was voidable, and making such a determination does not constitute taking a position on whether Defendants committed fraud on the court.

¶ 23    O'Connell also argues that the January 2015 agreed order could not be used as a final judgment for the purposes of *res judicata* because it was a modifiable order regarding McCormick's maintenance obligations, akin to a contractual agreement between the parties and approved by the court. She is mistaken that an agreed order cannot constitute a final judgment. *See Village of Maywood Board of Fire and Police Commissioners v. Department of Human Rights of State of Illinois*, 296 Ill.App.3d 570, 580 (1st Dist. 1998) ("A judgment entered by consent of the parties operates in the same manner as any other judgment for *res judicata* purposes, and is conclusive with respect to matters settled by the judgment.") In the present matter, the agreed order conclusively disposed of, among other open motions in the divorce proceedings, O'Connell's motion to reconsider and clarify the November 2014 order.

¶ 24    O'Connell has not presented an argument as to why this specific order could not be considered final for *res judicata* purposes. In fact, she goes so far as to admit in her brief that that there was "nothing left to adjudicate" in the domestic relations matter. We find that the first element of *res judicata* has been met.

¶ 25    Regarding the second requirement of *res judicata*, Defendants argued that an identity of parties or their privies exists because Alvarado and Davis Friedman represented McCormick throughout the relevant portion of the proceedings in the Domestic Relations Division, namely the litigation during and following the court's entry of its November 12, 2014 order and the subsequent termination of McCormick's spousal maintenance obligations. They contend that, as his attorneys

in the underlying matter, Defendants are in privity with their client for the purpose of *res judicata*. *See McCarthy v. Reynolds*, 2018 IL App (1st) 162478, ¶ 16 (The attorney for a trust was in privity with the successor trustee for the purposes of *res judicata*); *see also Cantwell v. Reinhart*, 244 Ill.App.3d 199, 203 (1st Dist. 1993) (In an action for attorney's fees, identity between the parties existed for *res judicata* purposes between attorneys for the litigants in a dissolution proceeding and their clients.)

¶ 26    In *McCarthy*, the beneficiary of a trust sued the trust's attorney for tortious interference with his beneficial interest, and the court dismissed the complaint on *res judicata* grounds, finding that the plaintiff's prior suit against the trustee (in which the attorney was not named as a defendant) also involved the plaintiff's challenge to the validity of the trust amendment and both the attorney and trustee represented the interests of the trust. *McCarthy*, 2018 IL App (1st) 162478 at ¶¶ 1, 16. In *Cantwell*, an attorney sued his client and her former spouse to recover attorney's fees owed to him for his representation of said client in divorce proceedings. We held that the attorney's suit was barred by *res judicata* because the issue had been determined during a hearing on attorney's fees conducted as part of the dissolution proceedings. *Cantwell*, 244 Ill.App.3d at 203-04. The plaintiff's attorney argued that identity between the parties did not exist because his petition for attorney's fees in the divorce matter was brought on behalf of his client against her former spouse, and the attorney was not a party to the dissolution proceedings. *Id*. at 204. We stated, "It is well-established that the attorneys for the litigants in a dissolution proceeding are considered as parties in interest in an action for attorney fees to the extent that while such fees are generally awarded to the client, they properly 'belong' to the attorney." *Id.*

¶ 27    O'Connell argues that the Chancery and Domestic Relations matters are entirely unrelated matters, the latter being a divorce proceeding against McCormick, and the former focusing on the

fraudulent conduct of Alvarado and Davis Friedman. O'Connell does not mention that her amended complaint is also brought against McCormick, for allegedly assisting in his attorneys' fraud. She does not challenge the caselaw presented by Defendants, but rather presents the unsupported assertion that allowing *res judicata* to bar her claims would mean that the privity element "validates fraud on the court as a legitimate tactic and that said attorney is immune from a civil suit or repercussions if they win the underlying judgment in favor of the client." The purpose of *res judicata* is not, as O'Connell claims, to validate any actionable misconduct—on the contrary, if *res judicata* applies to bar a claim, it means that the matter has already been conclusively determined, and the losing party cannot relitigate the same claims. *Rein v. David A. Noyes*, 172 Ill.2d 325, 334-35 (1996). O'Connell does not present a valid argument against Defendants' argument that privity exists between Defendants and their client in the underlying divorce proceedings. We find that the second element of *res judicata* has been met.

¶ 28   *Res judicata* "extends not only to what was actually decided in the original action, but also to matters which could have been decided in that suit." *Id.* An identity of causes of action for the purposes of *res judicata* exists where the "actions are based upon a common core of operative facts, or whether the same evidence would sustain both actions." *Cantwell*, 244 Ill.App.3d at 203. Illinois courts apply a liberal transactional test, where separate claims are treated as the same cause of action for *res judicata* purposes "regardless of whether different theories of relief are asserted *** 'even if there is not a substantial overlap of evidence, so long as they arise from the same transaction.'" *Lane v. Kalcheim*, 394 Ill.App.3d 324, 332 (1st Dist. 2009) (quoting *River Park, Inc. v. City of Highland Park*, 184 Ill.2d 290, 311 (1998)).

¶ 29   O'Connell does not provide any authority to support her contention on appeal that we should find that there is no identity of causes of action and her fraud claims do not arise from the

same set of operative facts as the underlying matter, stating simply that the underlying matter was a domestic relations case involving spousal maintenance obligations and her suit in chancery was for fraud on the court and civil conspiracy regarding the fraudulent conduct of Alvarado, and McCormick's assistance in that fraud. O'Connell provides no reason for why she could not have asserted her fraud claims before the Domestic Relations court. In fact, she did challenge the November 2014 order, specifically stating in her December 2014 motion to reconsider or clarify the order that Alvarado inserted the "with prejudice" language contrary to the court's actual ruling. Rather than pursue this argument at that time, she voluntarily dismissed her motion as one of the terms of the January 2015 agreed order. She cannot plausibly claim on appeal that the matter of the alleged fraud could not have been determined in the underlying domestic relations case. *See Hudson v. City of Chicago*, 228 Ill.2d 462, 473-74 (2008) (voluntarily dismissed claims refiled as a new action were barred by *res judicata* because they could have been determined in the first suit.)

¶ 30    We find that all three elements of *res judicata* are present, and we affirm the circuit court's dismissal of O'Connell's complaint on that basis.

¶ 31                                    Statute of Limitations

¶ 32    O'Connell's claims are governed by the two-year statute of limitations for actions against attorneys arising out of an act or omission in the performance of professional services pursuant to 735 ILCS 5/13-214.3, which states in relevant part:

> An action for damages based on tort, contract, or otherwise (i) against an attorney arising out of an act or omission in the performance of professional services *** must be commenced within 2 years from the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought. 735 ILCS 5/13-214.3(b) (West 2020).

In expanding on the application of the discovery rule, our courts have explained that "an injured person is not held to a standard of knowing the inherently unknowable, yet once it reasonably appears that an injury was wrongfully caused, the party may not slumber on his rights." *Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill.2d 72, 86 (1995) (quoting *Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 170-71 (1981)) (internal citations removed.) Thus, an injured party at some point "becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved." *Id.* (quoting *Knox College v. Celotex Corp.*, 88 Ill.2d 407, 416 (1981)).

¶ 33    While O'Connell was never a client of Defendants, and does not bring suit against them for services rendered to her, the same limitations period applies. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 19 ("There is nothing in section 13–214.3 that requires the plaintiff to be a client of the attorney who rendered the professional services.") Here, on the face of her complaint, all of O'Connell's claims stem from Defendants' performance of professional services in representing McCormick in the domestic relations proceedings, and O'Connell does not present any argument indicating otherwise.

¶ 34    O'Connell contends that because the orders she challenges were procured by extrinsic fraud, they are void and a void order may be challenged at any time, not subject to a limitations period. *See PNC Bank, National Association v. Kusmierz*, 2022 IL 126606, ¶ 13 ("[A] void judgment is not subject to ordinary time limits and may be challenged at any time.") This argument fails for the same reasoning we explained in addressing *res judicata* above

¶ 35    In the present matter, the two-year limitations period began to run as early as December 12, 2014, when O'Connell, through counsel, filed her motion to reconsider or clarify the November 12, 2014 order. That motion presents her argument that Defendants' inclusion of "with prejudice"

in the court's dismissal order did not reflect the court's actual statements on the record. While she does not raise allegations of fraud in this motion, instead claiming that Defendants inserted this language in error, she was aware of the supposed discrepancy between the transcript of the hearing and the written order entered by the court, and she was aware that Alvarado prepared the written order. *See Carlson v. Fish*, 2015 IL App (1st) 140526, ¶ 23 (Actual knowledge of malpractice is not necessary to trigger the statute of limitations if the injured party "possesses sufficient information concerning an injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved.") She does not identify any further facts that she needed before learning of her alleged fraud claims, nor does her complaint contain any newly-discovered information unavailable to her at the time of filing her motion to reconsider.

¶ 36    To the extent that she also attacks the January 13, 2015 agreed order, which she claims she would not have entered into had she known that her motion for modification of maintenance was stricken with prejudice, she previously established that she was aware of this fact when she filed the motion to reconsider. Furthermore, she was represented by counsel both in pursuing the motion to reconsider, and in entering into the agreed order pursuant to which she voluntarily dismissed said motion. Even applying this later date, her original complaint was filed on July 1, 2020, and we affirm the circuit court's dismissal of her complaint on the basis of its untimeliness.

¶ 37                                 735 ILCS 5/2-1401

¶ 38    During the hearing on Defendants' motion to dismiss O'Connell's complaint, the circuit court specifically found that O'Connell's only avenue for relief from the orders she challenged was a section 2-1401 proceeding before the Domestic Relations Division. Section 2-1401 states in relevant part:

> (a) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. Writs of error *coram nobis* and *coram vobis*,

> bills of review, and bills in the nature of bills of review are abolished. All relief heretofore obtainable and the grounds for such relief heretofore available, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder, regardless of the nature of the order or judgment from which relief is sought or of the proceedings in which it was entered.
>
> ***
> (b) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. 735 ILCS 5/2-1401(a), (b) (West 2020).

Defendants argue that O'Connell's fraud complaint is actually a collateral attack on the November 2014 order, and the relief she ultimately seeks is the vacatur of this over-30-day-old judgment. Therefore, she improperly filed her attack on the Domestic Relations judge's judgment in the Chancery Division, not as a section 2-1401 petition but as a new suit. Defendants further argue that O'Connell did so in an attempt at forum shopping, to avoid another unfavorable ruling from the Domestic Relations judge.

¶ 39    O'Connell again contends that the circuit court improperly dismissed her complaint because, since she pled that the order she attacks was procured by fraud, it was void, and a void order is not subject to the requirements of section 2-1401. This argument again fails, for the reasons we have previously discussed.

¶ 40    Being presented with no argument to the contrary, we affirm the circuit court's granting Defendants' motion to dismiss based on the argument that O'Connell's attack on the Domestic Relations court's judgment should have been brought as a section 2-1401 petition before that judge.

¶ 41    As a final note, we reject O'Connell's argument that the circuit court needed to make specific reference to her civil conspiracy claim in its ruling on the motion to dismiss; it is clear from the record that the court dismissed her complaint in its entirety, and furthermore, the civil

conspiracy claim stems from the fraud allegations, which the court addressed in detail on the record.

¶ 42          O'Connell's Motion to Strike Portions of Defendants' Response Brief

¶ 43    O'Connell also filed a Motion to Strike Defendants' Introduction/Nature of the Case and for Il. Sup. Ct. Rule 375(b) Sanctions, alleging that the entirety of that section is improperly argumentative and excessive in length, in violation of Illinois Supreme Court Rule 341(h)(2).

¶ 44    Rule 341(h)(2) states that the appellant's brief shall contain an "introductory paragraph stating (i) the nature of the action and of the judgment appealed from and whether the judgment is based upon the verdict of a jury, and (ii) whether any question is raised on the pleadings and, if so, the nature of the question." Rule 341(i) provides, in part, that if the appellee's brief includes an introductory paragraph, it must comply with Rule 341(h)(2) as well. This Court may strike portions of a brief that violate the rules. *See Estate of Black v. Black*, 2019 IL App (1st) 181452, ¶ 11 ("A failure to comply with the rules runs the risk that this court will strike the offending portions of a noncompliant brief, or, in rare cases, dismiss an appeal for serious rule violations.") While parties are required to comply with the rules, we have discretion to choose the appropriate method for handling improper portions of a brief. *See id.* at ¶ 11 (noting that defendant's "Nature of the Action" section consisted of nine argumentative paragraphs, totaling over three pages in length, and the statement of facts section was also improperly argumentative, but declining to strike any portion of the briefs, instead issuing a warning to defendant's counsel that "future rule violations will not be tolerated."); *see also Slater v. Illinois Labor Relations Board, Local Panel*, 2019 IL App (1st) 181007, ¶¶ 10-11 (taking the same action despite finding that appellant's introductory section was improperly argumentative and improperly long, consisting of four paragraphs across almost three pages); *compare with Artisan Design Build, Inc. v. Bilstrom*, 397 Ill.App.3d 317, 321

(2d Dist. 2009) (Striking the entirety of defendants' two-page, argumentative introductory paragraph.)

¶ 45   O'Connell argues that Defendants' introductory section consists of multiple paragraphs over approximately three pages.

¶ 46   Additionally, while her motion is to strike only the introduction/nature of the case section, she argues for sanctions pursuant to Ill. Sup. Ct. R. 375(b) for statements made in Defendants' statement of facts section. Rule 375(b) states, in part:

> (b) Appeal or Other Action Not Taken in Good Faith; Frivolous Appeals or Other Actions. If, after consideration of an appeal or other action pursued in a reviewing court, it is determined that the appeal or other action itself is frivolous, or that an appeal or other action was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting or defending the appeal or other action is for such purpose, an appropriate sanction may be imposed upon any party or the attorney or attorneys of the party or parties. Ill. Sup. Ct. R. 375(b).

O'Connell admits that "little caselaw exists" for applying this rule to sanctioning an appellee, rather than appellant, and she does not cite to any such caselaw to support her sanctions motion. However, she claims that Defendants should be sanctioned for the following portions of their statement of facts section, which she claims are argumentative rather than factual, and/or "not germane to the appeal," and/or serve to disparage O'Connell rather than address her fraud claims:

- Defendants "falsely deny the central and well pled fact of Plaintiff's Verified Complaint by claiming [the Domestic Relations judge] struck Catherine's pleadings 'with prejudice' despite indisputable evidence in the record to the contrary."

- Defendants provide "false information that a body attachment is outstanding for Catherine in Illinois and that she is a 'fugitive from justice,' with intent to defame and disparage the Plaintiff with willful malice in order to harm, and, [*sic*] to mislead the Appellate Court."

- Defendants refer to "litigation from 2021 in front of [the Domestic Relations judge] that has no relation whatsoever to the appeal, with multiple quotes including how Defendant Alvarado is a 'bulldog with a bone.[6]'"

- Defendants' following statements: "For instance, [the Domestic Relations judge] strongly admonished [O'Connell's counsel] for bringing [O'Connell's] allegations of fraud in the Chancery Division." "By contrast, a judgment is voidable where the court has proper jurisdiction but there is intervening fraud or evidence is withheld." "Only a void judgment can be collaterally attached in a separate proceeding."

- Defendants list all of the various attorneys O'Connell retained throughout the dissolution litigation and related proceedings.

¶ 47   Regarding Defendants' introduction section, O'Connell is correct that Defendants' introductory section is almost three pages long. However, we decline to strike any portion of this section, as we are unconvinced that O'Connell's objections to this section justify such action. Nothing in the lengthy introduction unduly influences this Court's review such that it would impact our decision on the appeal. We deny this portion of O'Connell's motion.

¶ 48   Turning to her plea for Rule 375(b) sanctions against Defendants for certain statements made in the statement of facts section of their response brief, we reiterate that O'Connell presents no authority for her position that sanctions are appropriate where appellees present argument in the statement of facts section of their response brief. Furthermore, she correctly notes that our courts are reluctant to strike portions of a statement of facts section, even where it veers towards argument and does not accurately portray the facts; she states in her motion that she does not ask us to strike any portion of this section of Defendants' response brief. *See, for example, Cottrill v. Russell*, 253 Ill.App.3d 934, 938 (1993) ("Where violations of supreme court rules are not so flagrant as to hinder or preclude review, the striking of a brief in whole or in part may be unwarranted."); *see also MIFAB, Inc. v. Illinois Human Rights Commission*, 2020 IL App (1st)

---

[6] This is included in Defendants' response brief as a quotation from the transcript of a February 18, 2021 hearing in the Domestic Relations Division; it is a statement that the Domestic Relations judge made on the record.

181098, ¶ 33 (declining to strike petitioner's statement of facts as the portions in violation of Rule 341(h)(6) did not hinder the court's review); *see also Canel and Hale, Ltd. v. Tobin*, 304 Ill.App.3d 906, 910-11 (1st Dist. 1999) (choosing to disregard, rather than strike, improperly argumentative portions of the statement of facts). She seemingly instead seeks the more severe measure of monetary sanctions against Defendants.

¶ 49    We decline to sanction Defendants and we do not find it necessary or appropriate to strike any portion of their statement of facts in this case. We find the portions with which O'Connell takes issue to largely be accurate recitations of the facts in the record. Even where Defendants' statements may veer into either argument or attempts to disparage O'Connell, we are able to review both sides' arguments free of any bias against O'Connell that Defendants allegedly attempt to cause. Therefore, the remainder of O'Connell's motion is also denied.

¶ 50                                    CONCLUSION

¶ 51    For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

¶ 52    Affirmed.

¶ 53    JUSTICE HYMAN, specially concurring:

¶ 54    I agree with the majority's decision to affirm. I write separately to address the appellees' description of O'Connell as "[t]he ostensibly *pro se* [p]laintiff," which appears in the second sentence on the first page of their response. A footnote, without citation to any authority, then states, "It is obvious that plaintiff's appellant's brief was ghostwritten by an attorney. Thus, [O'Connell] should not be given the leniency typically afforded a real *pro se* litigant."

¶ 55    Appellees' assertions insinuate that a self-represented litigant who enlists an attorney's assistance forfeits his or her status as a self-represented litigant. Not so. The Illinois Supreme Court Rules prescribe otherwise. Rule 137(e) permits an attorney to assist a self-represented

person in drafting or reviewing a pleading or other paper without disclosing the attorney's involvement or making a general or limited scope appearance. Ill. S. Ct. R. 137(e) (eff. July 1, 2013). The number of self-represented litigants continues to rise in Illinois, particularly in domestic relations cases. Although reasons vary, a significant factor involves the cost of hiring an attorney. Stephan Landsman, *The Growing Challenge of Pro Se Litigation*, 13 Lewis & Clark L. Rev. 439, 441 (2009).

¶ 56    O'Connell opted to proceed *pro se,* and she, like all self-represented litigants, may have an attorney help draft a pleading or other paper, including an appellate brief. As the American Bar Association observed in ABA Formal Op. 07-446, at 2: "[T]he fact that a litigant submitting papers to a tribunal on a *pro se* basis has received legal assistance behind the scenes is not material to the merits of the litigation." Moreover, the ABA's formal opinion rejects the argument that a self-represented litigant's ghostwritten legal papers would receive more lenient treatment than a represented party or unfairly prejudice the other parties in a proceeding. *Id*. at 2-3.

¶ 57    Appellees' counsel ought to have known better than to disparage O'Connell. The type of assistance she obtained strengthens the presentation of the facts, legal issues, and law; reinforces equal application of the law; promotes procedural fairness; and facilitates judicial decision-making, thereby enhancing the adversarial process.

¶ 58    Access to legal assistance should be the norm for all civil litigants in the trial court and on appeal. More than anything, our adversary system operates best not when only one side has representation but when all parties have competent counsel.