**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 250046-U

Order filed December 3, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| BOBBY R. TURNER, JR., | ) | Appeal from the Circuit Court |
| | ) | of the 18th Judicial Circuit, |
| Petitioner-Appellant, | ) | Du Page County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-25-0046 |
| | ) | Circuit No. 24-MR-356 |
| | ) | |
| AMY VEDRA, FOIA Officer, Naperville, | ) | Honorable |
| Illinois Police Records Department, | ) | Anne Therieau Hayes, |
| | ) | Judge, Presiding. |
| Respondent-Appellee. | ) | |

_____

JUSTICE BERTANI delivered the judgment of the court.
Justices Peterson and Davenport concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court properly granted respondent's motion to dismiss when she asserted a valid affirmative defense that no records existed responsive to petitioner's Freedom of Information Act request; self-represented petitioner is not entitled to attorney fees.

¶ 2     Petitioner, Bobby R. Turner Jr., appeals the dismissal of his petition for judicial review pursuant to the Freedom of Information Act (FOIA). On appeal, he contends the circuit court erred

in granting the motion to dismiss filed by respondent, Amy Vedra, and requests attorney fees despite the fact that he pursued the matter as a self-represented litigant. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4        Turner submitted a FOIA records request to the City of Naperville on November 30, 2023. The request sought records pertaining to recording or listening devices that may have been used by law enforcement personnel relating to Turner's residence and phone numbers and court documentation that allowed those recording and listening devices to be used. He received a letter from Vedra, a FOIA officer for the City Police Records Department, stating that his request was denied in full. In the form letter sent to Turner, Vedra included a comment that "7(1)(a) of FOIA allows a public body to withhold '[i]nformation specifically prohibited by federal or state law or rules and regulations implementing federal or state law,' " and that "[s]earch warrants are to be impounded by the Circuit Court Clerk and not disclosed or released to the public." The first option presented on the form letter, but not selected by Vedra, read as follows: "NO RECORDS FOUND: There are no records responsive to all or some part of this request for records."

¶ 5        Turner submitted a second request under FOIA on April 9, 2024, requesting the same records as the prior request, as well as internet service records. He received a second letter that same day denying the request in full with the same explanation as the first.

¶ 6        On Friday, June 7, 2024, Turner, as a self-represented litigant, filed a petition for judicial review that the circuit court accepted on Monday, June 10, 2024, and mailed it to the City. Jill Lawrence, a supervisor in the records department, conducted an independent search for the records requested. After contacting members of the police department, Lawrence concluded that it had no records responsive to Turner's request. She e-mailed Turner a letter on June 26, 2024, informing him that the initial response to his FOIA request was made in error. Instead of a denial, he should

2

have been informed that no records were responsive to his request. His petition alleged that "probable cause exists to believe that Amy Vedra, FOIA Officer Naperville, Illinois Police Records Department, did knowingly and intentionally deny plaintiff's FOIA request to access, copy, or examine a public record in violation of 5 ILCS 140, Freedom of Information Act." He pointed to the denial letters as his basis for the allegations.

¶ 7        Vedra filed a motion to dismiss pursuant to section 2-619(a)(9) of the Code of Civil Procedure (Code). 735 ILCS 5/2-619(a)(9) (West 2024). The motion admitted Vedra's denials to Turner's FOIA requests were made in error. Instead of a denial, the letters should have stated that the City had no records responsive to his requests. Further, the only relief Turner sought was a finding that the City and Vedra knowingly and intentionally denied him access to documents that did not exist. Because the records did not exist, there was no intentional withholding of records.

¶ 8        The motion to dismiss included an affidavit signed by Vedra that stated she did not locate any records that were responsive to Turner's request. Further, even if records existed that were responsive, her experience led her to believe that those records would be sealed and not subject to release. Lawrence also signed an affidavit stating she conducted an independent review after receiving Turner's petition for judicial review and determined no documents existed that would be responsive to his requests. She sent him a letter stating as such and apologizing for the error in denying his request rather than informing him that no records existed.

¶ 9        The circuit court granted Vedra's motion to dismiss. In addition, it denied Turner's request for attorney fees. Turner now appeals.

¶ 10                                    II. ANALYSIS

¶ 11        Turner makes two arguments on appeal: (1) that the circuit court improperly dismissed his complaint, and (2) that the court should have awarded him attorney fees.

3

¶ 12                                     A. Motion to Dismiss

¶ 13          Turner first argues that the court erred when it granted Vedra's motion to dismiss. A motion
to dismiss pursuant to section 2-619(a)(9) admits the sufficiency of the complaint but asserts an
affirmative matter defeats the claim. 735 ILCS 5/2-619(a)(9) (West 2024). All pleadings,
depositions, and affidavits filed may be considered with the motion to dismiss. *Simmons v.
Campion*, 2013 IL App (3d) 120562, ¶ 22. Supporting affidavits that have not been challenged by
counter-affidavits are admitted. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248,
262 (2004). On appeal, we review the circuit court's grant of a section 2-619 motion to dismiss *de
novo*. *SK Partners I, LP v. Metro Consultants, Inc.*, 408 Ill. App. 3d 127, 129 (2011).

¶ 14          Turner's complaint stems from an alleged violation under FOIA. The Freedom of
Information Act allows for the public inspection and copying of public records that are in the
custody of a public body. 5 ILCS 140/3 (West 2024). Any person who is denied access to public
records may file a complaint to compel production of such records. *Id.* § 11(a). As it relates to
Vedra's motion to dismiss, "[t]he nonexistence of requested documents is a cognizable affirmative
defense to a complaint grounded in FOIA." *Bocock v. Will County Sheriff*, 2018 IL App (3d)
170330, ¶ 52.

¶ 15          Here, Vedra's affidavit averred that she searched for the records Turner requested and that
none existed. Further, through her current work experience and her past employment in the Kendall
County circuit clerk's office, she knew that such records, if they did exist, would be sealed and not
releasable under FOIA. Vedra's affidavit is further corroborated by Lawrence's affidavit stating
she investigated and determined no responsive records existed after receiving Turner's petition for
judicial review. Thus, Vedra's motion sufficiently alleges a recognized affirmative defense against
a FOIA complaint. *Id.*

4

¶ 16          What Turner neglects to acknowledge and address in his briefs is that he must establish that the records he requested actually exist. Turner's focus is solely on Vedra's initial denial, when the focus should be on whether the records exist. His complaint alleges that Vedra intentionally withheld records from him due to her initial denial. He further alleges that her denial was intentional. Nowhere in his complaint, his response to Vedra's motion to dismiss, or this appeal does he assert that there are records responsive to his request that Vedra refused to turn over to him. His analysis ends with his assertion that Vedra incorrectly issued a denial to his request but ignores the reason why that denial was incorrect. He first raised his belief that records did exist, not in any pleadings, but during argument on the motion to dismiss when he posited only that the erroneous denials prove records responsive to the request existed. That conclusion is not supported by fact. At no point did Turner allege any facts to indicate such records exist, nor did he provide a counter-affidavit to indicate Vedra's and Lawrence's affidavits were incorrect. The circuit court had before it two unrebutted affidavits which allowed it to take those affidavits as truth. As such, it correctly determined that no records existed. See *Raintree Homes, Inc.*, 209 Ill. 2d at 262.

¶ 17          For Turner to succeed in this matter, he must allege, and later prove, that records exist that are responsive to his request and that the City impermissibly refused to provide those records to him. 5 ILCS 140/11(a) (an individual may file for injunctive relief when a public body denies access to records). One cannot succeed on a claim that a municipality improperly withheld records without establishing that records existed that could be withheld. See *id.*; *Barner v. Fairburn*, 2019 IL App (3d) 180742, ¶ 13 (the circuit court properly granted the public body's motion to dismiss when it demonstrated that the records plaintiff requested did not exist because no FOIA violation can occur without the existence of records). Both affidavits filed in support of the motion to dismiss

5

establish that no records exist. Turner has not established otherwise. Therefore, his claim must fail, and the circuit court did not err in granting Vedra's motion to dismiss.

¶ 18                                    B. Attorney Fees

¶ 19        Next, Turner requests attorney fees in this matter and argues that the circuit court erred in not granting them. His argument is meritless for several reasons.

¶ 20        First, Turner proceeded as a self-represented litigant. It is well established, and acknowledged by Turner in his brief, that caselaw supports denying a self-represented litigant attorney fees under these circumstances. See, *e.g.*, *Hamer v. Lentz*, 132 Ill. 2d 49, 61-63 (1989) (an attorney representing himself is not entitled to attorney fees); *Brazas v. Ramsey*, 291 Ill. App. 3d 104, 110 (1997) (a self-represented nonlawyer may not be awarded attorney fees under FOIA). However, Turner attempts to use *McCarthy v. Taylor*, 2019 IL 123622, ¶ 32, to support his argument that he may still receive attorney fees. However, *McCarthy* is clearly distinguishable. First, our supreme court's holding in *McCarthy* concerned a very narrow subset of self-represented litigants—those that are attorneys defending themselves in litigation found to be frivolous. *Id.* ("a court is authorized to impose sanctions in the form of attorney fees *** to compensate *an attorney defending himself* against a frivolous cause of action." (Emphasis added)). Turner is not a licensed attorney, nor is he presenting a defense to a frivolous lawsuit.

¶ 21        Moreover, *McCarthy* is specific only to sanctions related to Illinois Supreme Court Rule 137. *Id.*; Ill. S. Ct. R. 137 (eff. Jan. 1, 2018). The goal in imposing sanctions under this rule is to punish the offender. *Sundance Homes, Inc. v. County of DuPage*, 195 Ill. 2d 257, 285-86 ("The purpose of Rule 137 is to prevent abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions."). The award of attorney fees in FOIA is not comparable because the purpose of awarding attorney fees under FOIA is not to punish but to ensure enforcement of

6

the Act. *Hamer*, 132 Ill. 2d at 61-62 ("[T]he purpose of the provision is to ensure enforcement of the FOIA. *** We do not think the provision was intended as either a reward for successful plaintiffs or as a punishment against the government."). Because the facts, purpose and authority for granting attorney fees for each situation are clearly different, *McCarthy* cannot be applied here.

¶ 22 Finally, Turner argues that anyone who *pursues* a claim can receive attorney fees under FOIA. Once again, Turner's focus is misplaced. FOIA allows the *prevailing party* to receive attorney fees. 5 ILCS 140/11(i) ("If a person seeking the right to inspect or receive a copy of a public record *prevails* in a proceeding under this Section, the court shall award such person reasonable attorney's fees and costs." (Emphasis added)). A prevailing party in a FOIA action must satisfy the following requirements: (1) he filed a lawsuit against a public entity, (2) the entity produced the records requested, (3) the lawsuit caused the production of records, and (4) the lawsuit was reasonably necessary to obtain those records. *Kieken v. City of Joliet*, 2023 IL App (3d) 220392, ¶ 22. As we have already discussed, records cannot be produced here because none exist; therefore, Turner cannot be considered a prevailing party. Accordingly, we find no error in the circuit court's decision to deny Turner, a self-represented litigant who did not prevail in the matter, attorney fees.

¶ 23                                        III. CONCLUSION

¶ 24 The judgment of the circuit court of Du Page County is affirmed.

¶ 25 Affirmed.

7